THEODORE EWING *et ux*, administrator and administratrix, plaintiffs in error, *vs.* RAPHAEL J. MOSES, JR., administrator, defendant in error.

1. An administrator, with temporary letters, granted by the Ordinary, may institute suit for the purpose of collecting the effects of the deceased, and if permanent letters are granted pending the action, the general administrator thus appointed may be made a party to the action.
2. Whatever may be the remedies that have been provided by statute against administrators and their securities, the concurrent jurisdiction of equity over the settlement of accounts of administrators is specially retained by section 2600 of the new Code.

Administrators and executors. Parties. Equity. Before Judge BARTLETT. Muscogee Superior Court. May Term, 1873.

Raphael J. Moses, Jr., as temporary administrator of George Anderson, filed his bill against Theodore Ewing and his wife, Elizabeth Ewing, as administrator and administratrix of William Matheson, deceased, administrator, *de bonis non*, of George Smith, deceased, for an account and settlement. Pending the litigation, Moses was appointed and qualified as administrator, with full letters. He then moved to be made a party complainant in place of said temporary administrator. The defendants objected, at the same time moving to dismiss the bill on account of the want of authority in the complainant, as temporary administrator, to institute such proceedings. The Court overruled the motion to dismiss, and allowed the proposed amendment. To which ruling the defendants excepted.

PEABODY & BRANNON, for plaintiffs in error.

HENRY L. BENNING; R. J. MOSES, for defendant.

McCAY, Judge.

1. Under our law a temporary administrator is appointed by the Ordinary, to hold, not simply to the next term of the

Court, but until permanent letters are granted. He gives bond for the faithful performance of his trust, and may, at the discretion of the Ordinary, even sell personal perishable property : Code of 1873, sections 2487, 2488, 2554. It often happens that the estate remains in his hands for years, and it would be a great evil if it were not his right as well as his duty to bring a suit, if necessary, to collect and take care of the assets. Our present law, providing that the temporary letters shall hold until permanent letters are granted, assimilates the office to the limited administrations in England. An administrator *pendente lite*, might, even in England, sue : 1 Williams on Executors, 411. There might, perhaps, be some objections to a suit by an administrator appointed in vacation, to hold only until term time. But a general appointment *pendente lite*, is of a more permanent character, and carries with it, even in England, the right to sue.

2. In the great extension made by our Legislature of the jurisdiction of Courts of law over matters cognizable formerly only in a Court of equity, it is often very difficult to determine whether a particular matter, formerly perhaps of exclusive equity jurisdiction, has not become, by the new law, solely of legal cognizance. By our law now, any subject may be brought before a Court of law for adjudication, and such Court is authorized to do almost anything a Court of chancery might do, and the reply to a bill, that there is an adequate remedy at law, may be made with some show of truth, in almost any case, and yet it is clear that it is the legislative will that a Court of equity, with very large jurisdiction, shall form part of our system of Courts. Perhaps the true line of distinction is that where a definite, specific remedy is given at law, as a writ of partition or garnishment, or petition to foreclose a mortgage, or assert a lien, the jurisdiction of equity is ousted, unless there be some peculiar complication; but when the matter, formerly of equity jurisdiction, has become cognizable at law only by virtue of the general provision permitting parties to seek remedies at law at their option, the jurisdiction of equity remains if the party sees fit to

go there.   We do not, however, lay down this as the settled rule, though I am myself strongly inclined to the opinion that it is the proper one.   Legislation is very desirable upon this subject.   The General Assembly has opened the door very widely for equitable relief at law, and whilst the rule still exists that a Court of equity has no jurisdiction if there be an adequate remedy at law, there must necessarily be embarrassment in applying the rule.   As to the particular case before us, the power of a Court of equity to hear and determine it would, by the old law, be very clear.   It is a demand upon a trustee for an account; a demand upon an administrator for a settlement.   True, the parties at interest may sue at law; one heir at law, or distributee, or creditor may bring an action.   The executor, administrator or guardian may be compelled to account before the Ordinary.   But, by section 2600, (Code, 1873,) a Court of equity is distinctly, and in terms, declared to have jurisdiction over the settlement of accounts of administrators.   The settlement of the account is the prime element of the present suit.   It depends upon that whether any of these parties are liable, and we think a Court of equity having jurisdiction for that purpose may go on and give full relief in the premises.

Judgment affirmed.