## BELL, administrator. *vs.* BENNETT.

It is essential to the validity of a marriage in this state that the parties should be of sound mind; and marriages of persons unable to contract are void. Where, therefore, a claim or defense depends upon the question whether a person was of sound or unsound mind *at* the time of the marriage, it is not necessary that there should have been a decree of nullification or divorce in the lifetime of such person. The question may be made and decided in a proceeding to obtain year's support by his widow after his death; and an objection to the granting of such year's support, on the ground that the deceased was of unsound mind and incapable of contracting marriage before the pretended marriage, at the time thereof, and until his death, and that the marriage was, therefore, null and void, was not demurrable.

September 9, 1884.

Husband and Wife. Marriage and Divorce. Year's Support. Before Judge BROWN. Forsyth Superior Court. February Term, 1854.

Reported in the decision.

H. L. PATTERSON; H. P. BELL; GEORGE N. LESTER, for plaintiff in error.

M. L. SMITH; C. D. PHILLIPS; J. M. TOWERY, for defendant.

BLANDFORD, Justice.

The defendant in error applied for a twelve months' support out of the estate of Jesse M. Bennett, deceased, as the widow of the deceased.

To this application the representative of Bennett's estate objected.

(1.) Because the applicant was never the wife of deceased. That at the time, before and after the pretended marriage of applicant with Jesse Bennett, and until the death of said Jesse, the said Jesse was insane and incapable of contracting marriage, and that said pretended marriage was null and void.

(2.) That, for the short time she lived with said Jesse, she lived in a state of open and notorious adultery, and made his home a bawdy house, and wasted and destroyed his property to the value of three hundred dollars.

(3.) That shortly after said pretended marriage, she ran away with one Dover, and lived with him in adultery for twelve years, up to the time of the death of said Jesse, during which time she gave birth to six bastard children.

Upon demurrer, the court struck said objections, holding that the same constituted no valid objection to the granting of a twelve months' support to said applicant; and this decision is excepted to, and forms the first error assigned.

The plaintiff in error then offered testimony to prove the same facts embraced in the above objections filed to the application of defendants in error. The court rejected this testimony, and this is the second ground of error relied on by the plaintiff in error.

It is essential to a valid marriage in this state that a person must be of sound mind. Code, §1699. Marriages of persons unable to contract are void. Code, §1702. These propositions are embraced in our statute, and yet it is insisted that the only way that it can be determined whether the person was of unsound mind is by the judgment of a court; and while it must be admitted that there are authorities which sustain the view taken by defendant in error, we think that the weight and reason is with the authorities on the other side. In the case of Rawdon *vs.* Rawdon, 28 Ala. R., 565, it was held, " That a valid marriage can-

v 73-51

not be contracted by an insane person;" and again, " If a marriage be void by reason of the insanity of either one of the contracting parties, no decree of divorce is necessary to restore the parties to their original rights."

The Supreme Court of Kentucky, in the case of Jenkins *vs.* Jenkins, 2 Dana, 103, decided that, "A person of unsound mind cannot be married. The performance of a marriage ceremony and continued cohabitation with one in that condition till death, will not constitute a legal marriage, nor give claim to dower or courtesy in his or her estate." " Where a claim or defence depends upon the question whether a person was of sound or unsound mind at the time of the marriage, it is not necessary that there should have been a decree of nullification in his lifetime; the question may be made and decided in a suit for dower, distribution and the like." The opinion of the court in this last case was delivered by Chief Justice Robertson, and appears to be not only one of ability, but exhaustive of the questions decided.

To the like effect is the decision of the Supreme Court of Kansas, in the case of Powell *vs.* Powell, 18 Kansas, 371. These decisions refer to numerous authorities which fully sustain them. In the case of *Dillon vs. Dillon*, 60 *Ga.*, 204, this court held, " That in a suit by the reputed wife for alimony, that the husband was estopped from denying her competency to contract marriage by reason of race or color, if he has in fact married her, lived with her many years as his wife, and reared a family of children by her. Especially will this estoppel operate, if he has procured an act of the legislature reciting that satisfactory proofs had been furnished to establish her rights of citizenship, and enacting that she and her children are entitled to such right and privilege." It will be seen that this case was put upon the ground that the husband was estopped from denying the legality of the marriage by reason of his own acts and conduct, whereas in the case at bar, there is no estoppel. The marriage is void by reason

of the insanity of one of the parties thereto at the time of
its pretended consummation; and the insanity having con-
tinued until the death of the party, consequently he could
do no act to ratify the same. So we are of the opinion
that the marriage in this case was void in its inception, and
remained void till the death of Bennett; and being void, it
did not require the sentence, decree or judgment of any
court to restore the parties to their original rights or to
make the marriage void. It was a mere nullity from the
beginning, and so continued to the end. It was as if no
marriage had ever taken place. If these views be correct,
it must follow that the defendant in error has no rights or
interest in the estate of Jesse Bennett, deceased, and the
court below erred in so holding. Let the judgment of the
court below be reversed.

Judgment reversed.