McKINNEY, administrator, *v.* POWELL *et al.*

POWELL, administrator, *v.* McKINNEY, administrator, *et al.*

HULSEY, executor, *v.* McKINNEY, administrator, *et al.*

1. Under the facts contained in this record, no grounds are shown for the interference by a court of equity with the administration of the estate in question; and the general demurrer to the petition was properly sustained.

2. The general demurrers filed by certain of the defendants went to the substance and merit of the entire petition; and having held that they were properly sustained, it was proper that the entire petition should be dismissed.

Nos. 1262, 1263, 1264.   SEPTEMBER 27, 1919.

Equitable petition.   Before Judge Bell.   Fulton superior court. October 1, 1918.

Charles D. McKinney, as administrator with the will annexed of the estate of Mrs. Mary J. Rucker, filed his equitable petition in Fulton superior court against Frank A. Powell, Herbert A. Sage, John M. Hulsey, Mrs. Maud Powell Turner, Ernestine Turner, Atlanta Trust Company, H. Chapman Powell, Travers Leigh Powell, T. P. Hinman, W. F. Young, W. J. Houston, and others, the defendants named being legatees, or representatives of legatees, or heirs of deceased legatees, or persons having claims against legatees under the will of petitioner's testator. In his petition he sets forth the circumstances under which he became such administrator, succeeding the executor, Herbert A. Sage, who served in that capacity for a short time, and recites also the history of his administration from the date of his appointment in January, 1911, up to the time of filing the equitable petition now under consideration, in August, 1917. Among the first acts of petitioner was his filing of a petition in the superior court for the construction of certain items of the will of his testator, one of which was item 3, reading as follows: "I give to my sister, Mrs. Martha A. J. Powell, $20,000.00 during her natural life, she to enjoy the income from the same, and at her death said amount with the accumulations, if any, to be equally divided between her children. If I should survive my sister Martha, then the legacy herein to be equally divided between her children." In construing this item of the will the court held that the administrator should pay said fund of $20,000 to a trustee, and not directly to the life-tenant. A bequest of $5,000 as an endowment fund for the Presbyterian

Hospital of Atlanta was construed by the court to be a lapsed legacy, inasmuch as the said hospital had surrendered its charter and ceased to exist. And other items of the will, not necessary here to be mentioned, were construed in pursuance of the petition filed by McKinney, administrator. In the present case the petitioner asks for a further construction of item 3 of the will, alleging, that at the time of the aforementioned decree construing this item Mrs. Martha A. J. Powell, the life-tenant, was in life and had four children, to wit, Frank A. Powell, Miss Ella M. Powell, Ned Powell, and H. Chapman Powell; that H. Chapman Powell died on or about January 20, 1915; that his mother, Mrs. Martha A. J. Powell, died in June, 1917; that the language of said item is such as to make it uncertain whether or not the remainder interest in said $20,000 legacy vested in the four children of said Mrs. Martha A. J. Powell at the time of the death of the testator, or whether it was contingent; that H. Chapman Powell left two sons, who are his sole heirs at law and are parties to this litigation, who claim that said remainder interest vested and that they are entitled to the interest in said $20,000 that would have gone to their father had he survived his mother; that upon the death of H. Chapman Powell, who died in Hall county, Georgia, Frank A. Powell, his brother, applied to the ordinary of that county for letters of administration upon the estate of H. Chapman Powell, deceased, alleging in his application that he was the next of kin of the said deceased, and upon this application an order was passed by the ordinary purporting to appoint Frank A. Powell administrator of the estate of H. Chapman Powell; that subsequently the administrator thus appointed filed his petition to the court of ordinary, praying leave to sell the remainder interest in said $20,-000 legacy, one fourth of which he claimed vested in the estate which he represented; but McKinney, administrator, alleges that the language of the petition to sell, and the order passed thereon, are vague and inconsistent, and because of this indefiniteness there is grave doubt as to whether or not any title passed under the attempted sale which was had pursuant to said petition; that at the time of said attempted sale Mrs. Martha A. J. Powell was in life and claimed to have purchased the remainder interest, which she alleged vested in the estate of H. Chapman Powell, deceased; that during her life she notified petitioner that she claimed this

remainder interest by reason of her purchase of the same at said alleged sale; that subsequently to the death of Mrs. Martha A. J. Powell, John M. Hulsey, the executor of her will, also notified petitioner that he, as such executor, claims the one undivided fourth interest in said $20,000 legacy; that H. Chapman Powell Jr. and Travers Leigh Powell, the sons of H. Chapman Powell, claim that said sale was void, for the reason that, in the first place, the appointment of Frank A. Powell as administrator was void, he having fraudulently stated in his application for appointment that he was the next of kin of the deceased, H. Chapman Powell, and that all proceedings predicated upon his appointment thus fraudulently procured were void. Frank A. Powell filed in the court of ordinary what purported to be his final return as administrator, and obtained an order purporting to grant him a discharge. In an amendment to the petition it was alleged that subsequently to the filing of the original petition Frank A. Powell filed another petition with the ordinary of Hall county, alleging that he is one of the next of kin of H. Chapman Powell, deceased, and praying that he be appointed administrator de bonis non of the latter's estate, and thereupon an order was passed by the ordinary, purporting to appoint him such administrator; and it is alleged that the sons of H. Chapman Powell, deceased, claim that this further action on the part of Frank Powell was a fraud upon the court and upon them, and that the order appointing him administrator de bonis non is void; and to determine this question petitioner McKinney asks a ruling of a court of equity, stating in his petition that he has paid over no part of the one-fourth undivided interest in the $20,000 legacy in controversy.

One provision contained in a codicil to the will reads as follows: "I appropriate from my estate the sum of $4,000.00 to be invested by my executor in a home suitable for Maude Powell Turner and her daughter Ernestine. It is my intention that this realty when purchased shall be made over by my executor to Maude Powell Turner for her life, with remainder in fee to her daughter, Ernestine." At the time of the original petition for the construction of the will of Mrs. Rucker, Mrs. Maude Powell Turner and her daughter were residing together in the city of Atlanta, but now they reside apart and in different States, and do not contemplate again making their home together. Under this changed

condition petitioner alleges that it becomes necessary again to construe this provision of the will; and he desires the direction of the court as to the disposition of this $4,000 legacy. He asks that the court determine also whether said legacy participates in the residuum of the estate of his testator.

By one item of her will Mrs. Rucker bequeathed to Mrs. Maude Powell Turner an individual legacy of $1,000. This legacy has not been paid directly to Mrs. Turner, but at her request petitioner deposited in the Sixth Ward Bank of Atlanta, in his name as administrator, the amount estimated to be due to Mrs. Turner as her individual legacy, so as to enable her to secure a loan from said bank, which she did secure; the assets of that bank were afterwards taken over by Travelers Bank & Trust Company, and petitioner as administrator allowed the deposit referred to to remain in said last-named bank, and when Mrs. Turner renewed her note with Travelers Bank & Trust Company for the sum of $500, it took from Mrs. Turner an assignment by her of her individual legacy as security for the debt. When Travelers Bank & Trust Company failed, its receiver, Atlanta Trust Company, brought suit against Mrs. Turner upon her promissory note, and sought to subject to its payment her individual legacy in the hands of petitioner and which had been assigned by her as above stated. Petitioner in the present suit seeks to enjoin the prosecution of that suit, and asks judgment against Atlanta Trust Company for an amount equal to the difference between Mrs. Turner's indebtedness to the bank and the amount of her individual legacy on deposit in the name of petitioner as administrator. Other suits are pending against Mrs. Turner, in which summonses of garnishment have been served upon petitioner, and petitioner seeks to have these enjoined and an order requiring all such litigants to become parties to this suit and have their claims herein determined. Petitioner recites at length the transactions of his predecessor, Herbert A. Sage, in the administration of the estate, and the allowance to him of the sum of $3,000 as extra compensation; but as there has never been a final settlement with said Sage, petitioner asks the court to determine whether under all the facts the estate is due Sage anything now or whether he owes the estate an amount to be set off against this unpaid compensation allowed him by a former decree.

Petitioner sets forth a history of protracted litigation during the several years of his administration, involving, among other things, the title to certain city property belonging to the estate; he shows that this various litigation, together with the petitions filed, seeking the construction of several items of the will, consumed much of his own time but much more time and professional services on the part of his counsel; that the counsel employed by him were the members of his law firm, Green, Tilson & McKinney; that their services were reasonably worth stated amounts; and petitioner asks the court to determine and authorize the payment of same. Petitioner also shows that whereas he did agree with his predecessor, Herbert A. Sage, that petitioner would accept the administration of the estate at one half the legal fees allowed for receiving and distributing the estate, he did not contemplate at that time that there would be so much litigation, covering a period of several years, as it has; and that he is reasonably entitled to extra compensation in an amount not less than $2,000 for his services as administrator.

To the petition certain of the defendants named filed general and special demurrers. Upon consideration of the same the court passed an order sustaining the general demurrers and dismissing the petition, and stated in the order that the special demurrers were not considered. To this ruling the plaintiff tendered his exceptions pendente lite, and these were duly certified. The judgment dismissing the petition was rendered on January 31, 1918; and on February 5, 1918, during the term of court at which the judgment was rendered, the plaintiff filed his motion for a rehearing and to vacate the judgment sustaining the general demurrer, and upon this motion a rule nisi was issued and served upon the demurrants. Upon the hearing of the motion the court reserved his decision thereon and passed an order retaining jurisdiction of the case for the purpose of deciding the same during vacation. Thereafter, on February 26, 1918, the court passed an order upon the motion for a rehearing and to vacate the judgment, in which it was adjudged that the rehearing be denied, but it was adjudged and ordered that the order of January 31 be so modified as to allow the plaintiff to present and file an amendment to his petition within ten days. Within the ten days thus allowed the plaintiff filed a motion, with an amendment to his original petition

attached, which amendment prayed, among other things, that Frank A. Powell, as administrator of H. Chapman Powell, deceased, be made a party defendant to the case. After objections made and urged, this amendment was allowed. Subsequently Frank A. Powell and others of the defendants filed an amendment to their original demurrer, and the case was submitted to the court upon the original demurrer as amended, and the court thereupon passed an order sustaining said demurrer and dismissing the petition as to all of the defendants except as to Frank A. Powell, administrator de bonis non, John M. Hulsey, executor, H. Chapman Powell Jr., and Travers Leigh Powell, retaining the case as to these defendants. To this judgment the plaintiff excepted. Frank A. Powell, administrator, and John M. Hulsey, executor, also separately, excepted; and the questions raised were brought to this court for review.

*J. Howell Green* and *W. J. Tilson,* for plaintiff.

*R. B. Blackburn,* for Powell, admr., and Hulsey, exr.

*R. C. & P. H. Alston, C. T. & L. C. Hopkins, Candler, Thomson & Hirsch, Evins & Moore, Hughes Roberts, H. W. Belfor, W. J. Laney,* and *J. W. Bachman,* for other defendants.

Beck, P. J. (After stating the foregoing facts.) We are of the opinion that the court did not err in sustaining the general demurrer to the petition and dismissing the same. None of the questions raised are of such character as to render them peculiarly subjects of equity jurisdiction, but are all questions cognizable in a court of law and in the court of ordinary, which first had jurisdiction of the issues involved in this case. As will be observed from the statement of facts, a petition for construction of the will and direction had, some years prior to the filing of this petition, been brought in the superior court and there disposed of by a judgment and decree, construing certain parts of the will and giving the direction sought upon certain questions raised. Subsequently, on July 10, 1917, certain legatees under the will of Mrs. Mary J. Rucker, deceased, alleging that the estate was ready for settlement, filed their petition for a settlement in the court of ordinary of Fulton county. Petitioner in the present suit prays that those legatees be enjoined from prosecuting their petition for settlement in the court of ordinary, and that they be required to come into the case made by this petition and raise all the questions and

issues sought to be raised in said petition and citation against petitioner for settlement; that the Atlanta Trust Company, as receiver of the Travelers Bank & Trust Company, be enjoined from prosecuting its petition against petitioner, and be required to come into the case and set up all rights that it may claim or have, as set forth in its suit; that the question of the right of petitioner to extra compensation, and the attorney's fees claimed, be also decided in this suit; and that all the conflicting claims of those named as defendants and interested in the estate be settled in this one suit. While it is apparent from the reading of this lengthy petition that numerous questions are raised, they are such, as we have already said, as may be settled in a court of law and are cognizable in the court of ordinary under the petition for a settlement.

So far as the question made by the amendment which brings in as a defendant Frank A. Powell, administrator of the estate of H. Chapman Powell, is concerned, it may be said that while there are allegations contained in the petition that the sons of Chapman Powell, Frank Powell's intestate, are claiming that the appointment of Frank Powell as administrator was procured by fraud, there is no direct attack in this petition upon the appointment nor any attempt to have it set aside. If he is now administrator, the distributive share of the estate going to Chapman Powell, being in cash, may be paid to him, or, if he is not administrator, paid to the heirs of Chapman Powell, or, if they are minors, to a guardian duly appointed. The character of the bequest to Chapman Powell and the nature of the latter's interest in the estate of Mrs. Rucker, and the question as to whether Mrs. M. A. J. Powell bought Chapman Powell's interest in the estate, raised no question peculiarly cognizable in a court of equity; and there was no good ground for the court's retaining the petition as to Frank Powell, and his exceptions to the judgment overruling his demurrer to the petition were well taken.

The item of the will of Mrs. Rucker, giving to Mrs. M. A. J. Powell the sum of $20,000 during her life, with remainder to her children, was under consideration in the first petition filed for construction and direction referred to above, and in the decree passed upon that petition the court gave direction ordering "that the bequest of $20,000.00 left to Mrs. M. A. J. Powell during her natural life, with remainder to her children, be paid into the

hands of a trustee; and said trustee shall be appointed by the court upon application of the administrator with the will annexed." Under the terms of this decree the duty of the executor, Sage, and of his successor, McKinney, administrator de bonis non, is perfectly clear. If Sage paid over to Mrs. M. A. J. Powell money that she was not authorized to receive under this bequest, his liability is clear; and the question of that liability, the nature and the extent of it, are questions for settlement in the court of ordinary, or other court of law, and affords no ground for retaining this petition in equity as against Hulsey, the executor of Mrs. Powell, nor against Herbert Sage, executor of Mrs. Rucker. Nor does the claim of Hulsey for the estate of Mrs. Powell, on account of the alleged purchase of the interest of Chapman Powell in certain realty, raise any equitable issue or question; and the court should not have retained the petition against Hulsey.

The suit at law of Atlanta Trust Company against Mrs. Turner and the petitioner affords no ground for retaining this equitable petition. The facts and questions involved may be somewhat complicated, but they are strictly legal questions depending for their settlement upon the establishment of the facts alleged in the suit and in the answer thereto and the law controlling the issues raised. Certainly the legacies going to the other beneficiaries under the will of Mrs. Rucker should not be withheld while this question is being fought out in the courts.

One item in a codicil to the will contains the following provision: "I appropriate from my estate the sum of $4,000.00 to be invested by my executor in a home suitable for Maude Powell Turner and her daughter Ernestine. It is my intention that this realty when purchased shall be made over by my executor to Maude Powell Turner for her life, with remainder to her daughter Ernestine." Nothing in this provision nor the facts alleged in connection therewith renders it proper that the petition should be retained for a construction of this item or for the giving of direction in regard to it.

The residuary clause of the will is as follows: "The balance of my estate not herein devised I give to the legatees herein named, to be divided between them in proportion to the amounts devised, except Irvin Powell and his wife Ursilla. I do not wish them to have any more of my estate than is given them in item 8 of this will."

We do not think the provisions contained in the residuary clause have any complications making it necessary to retain this petition in a court of equity.

In the petition there are set forth certain small claims, one by Hinman, another by Young, and still another by Houston, against Mrs. Turner, it being alleged that suit upon these claims had been filed and petitioner garnished; and petitioner prays that the prosecution of these suits be enjoined. Purely legal questions are raised in these proceedings, and they afford no ground for maintaining the suit in equity.

The claims made in the petition for the allowance of extra compensation for services rendered by petitioner as administrator and for the attorney's fees which it is alleged were necessarily incurred in protecting the estate and defending it in the protracted litigation, are questions peculiarly within the jurisdiction of the court of ordinary, and they can there be determined and allowed in accordance with the facts.

It is insisted that it was error for the court to dismiss the entire petition, because certain of the defendants did not join in the demurrers. But the demurrers which were filed, and which we have ruled were properly sustained, go to the substance of the whole petition and challenge the plaintiff's right to any relief in a court of equity. That being true, the demurrers inured to the benefit of all. *Tate* v. *Goode,* 135 *Ga.* 738 (70 S. E. 571, 33 L. R. A. (N. S.) 310). There it was ruled that "Where some of several joint defendants demur to the plaintiff's petition, and the demurrer goes to the substance of the whole petition and challenges the plaintiff's right to any relief, such demurrer inures to the benefit of all, though some may be in default."

Upon consideration of the entire case, though we recognize that equity has concurrent jurisdiction with the court of ordinary for the purpose of distributing estates, when a proper case is made, we do not think that this is a case where equity should interfere with the regular administration of the estate, especially where the administrator has the benefit of the direction given by a decree rendered under a former petition regularly filed and disposed of.

*Judgment affirmed in the case first stated (1262), and reversed in the other two cases. All the Justices concur, except George, J., disqualified.*