BECK & GREGG HARDWARE COMPANY *et al. v.* MCKENZIE *et al.*

HILL, J. 1. "As a general rule, a court of equity will not interfere with the regular administration of an estate by the representative; and to authorize such interference, the facts must clearly show there is a good reason for so doing." *Morrison* v. *McFarland,* 147 *Ga.* 465 (4), 466 (94 S. E. 569).

2. Under the pleadings and the evidence in this case, it falls within the general rule stated in headnote 1; and consequently the trial judge did not abuse his discretion in declining to appoint a receiver, and in refusing a temporary injunction. •

*Judgment affirmed. All the Justices concur.*

No. 1495. JANUARY 15, 1920. ·

Petition for injunction and receiver. Before Judge Bell. Fulton superior court. March 24, 1919.

*W. S. Dillon, Dorsey, Shelton & Dorsey, R. Low Reynolds,* and *W. J. Davis Jr.,* for plaintiffs.

*D. K. Johnson, T. J. Lewis, Green, Tilson & McKinney, H. W. Dent, Mayson & Johnson,* and *Etheridge & Sams,* for defendants.

## COX *v.* DELOACH.

ATKINSON, J. There was no merit in the ground of the motion for new trial complaining of the omission of the judge to charge. The evidence was sufficient to support the verdict for the defendant, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 1525. JANUARY 15, 1920.

Complaint for land. Before Judge Hardeman. Toombs superior court. April 15, 1919.

*Lankford & Rogers, Williams & Corbitt,* and *Collins & Stanfield,* for plaintiff.

*Bouhan & Herzog* and *Giles & Sharpe,* for defendant.