EVANS *v.* PENNINGTON.

*Frank Hardeman* and *M. C. Barwick,* for plaintiffs in error.
*Charles E. Baggett* and *Roy V. Harris,* contra.

BELL, J.   Mrs. W. J. Evans and others filed suit in the superior court of Jefferson County against Mrs. Mollie Pennington as executrix of the will of Charles Pennington, deceased, alleging that under the will of the deceased there was an intestacy as to certain money and also as to certain land, and praying for an injunction and for an accounting and settlement against the executrix.   The court sustained a general demurrer to the petition, and the plaintiffs excepted.

The petition alleged the following facts: Charles Pennington died on December 17, 1930, after executing a will in October of the same year.   The will contained the following provision:   "I will, bequeath, and devise to my wife, Mollie Pennington, and to my little daughter, Mary Pennington, the following property to be theirs in fee simple forever, to wit: All my personal property and 50 acres of land," which the will described by metes and bounds in particular terms.   The will did not describe or purport to deal with any other property either real or personal.   "There was an intestacy as to a portion of the estate of Charles Pennington in the following property, to wit: fifty (50) acres of land, and a sum of money paid by the United States Government since the death of the said Charles Pennington, amounting to $6311.00, and $385.69, which the said deceased inherited from the estate of his son, E. E. Pennington."   "The sums of money named above were never intended to be dealt with by said will, for the reason that at the time of his death the deceased did not know that said sums of money were in any way an asset of his estate and had no idea that the same would ever be paid to him."   "The said sum of money was proceeds from a chose in action in the shape of an insurance payment on the life of E. E. Pennington, a son of the said Charles Pennington, which ripened after the death of the said E. E. Pennington, and a sum of $385.69 which deceased inherited from his son, E. E. Pennington, and was unknown to the deceased, Charles Pennington, at

the time of his death." The fifty acres of land as to which an intestacy is alleged was a different tract from that referred to in the will, and the same has been sold by the executrix for the sum of $400. The plaintiffs are "each entitled to one-fourteenth of said property, less any unpaid debts against said estate, and they bring this petition in a court of equity, asking for an accounting and settlement for themselves and any other heirs at law that may be similarly situated."

■ The petition alleges in effect that there was an intestacy as to the sum of $6311, which was paid to the estate of Charles Pennington after his death as the proceeds of an insurance policy issued upon the life of his son E. E. Pennington, and that an intestacy also existed as to the sum of $385.69 which the deceased inherited from this son. The will of Charles Pennington executed some two months before his death bequeathed *all of his personal property* to his wife and daughter, Mollie and Mary Pennington. The claim of intestacy as to the sums of money referred to above is based solely upon the alleged fact that "at the time of his death the deceased did not know that said sums of money were in any way an asset of his estate and had no idea that the same would ever be paid to him."

In *Wayne* v. *Hartridge,* 147 *Ga.* 127 (92 S. E. 937), it was said: "The general rule is that it will be held that the testator intended to dispose of his entire estate, and not to die intestate either as to the whole or any part thereof." It appears from the facts of that case that the testator died in 1883, and that his will gave and bequeathed to his wife "all of the property real and personal" of which he should die seized and possessed, except a portrait of his mother. Under a Federal statute passed in 1914, there was an accretion to his estate amounting to some $1400 in money. There was nothing to indicate that the testator knew that this particular money would ever become an asset of his estate. It was held that an intestacy could not be declared as to this fund.

In the present case the right of the testator to receive the moneys in question constituted personal property and was included within the description "all my personal property." The mere fact that the testator was ignorant of the existence of such right is insufficient to show that he did not intend that all of his personal property, whether known or unknown, should go to his wife and daughter as stated in his will. See Civil Code (1910), §§ 3646, 3648, 3900,

3905; *Coleman* v. *Harrison,* 168 *Ga.* 859 (149 S. E. 141) ; Lindsay v. Wilson, 103 Md. 252 (63 Atl. 566, 2 L. R. A. (N. S.) 408).

■ Even if there was an intestacy as to the 50 acres of land, the petition shows no cause for the intervention of a court of equity with respect to this property. The plaintiffs seek an accounting and settlement in relation to the amount for which this property was sold, but it does not appear that there is danger of loss or injury to their interest by allowing the administration to proceed in the court of ordinary. Civil Code (1910), § 4596. There being no intestacy as to other property, the petition should not be retained by a court of equity merely to require an accounting and settlement as to this land, when such relief may be had in the court of ordinary.

■ The court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*