GRINER *et al. v.* WILSON *et al.*

No. 10751. NOVEMBER 15, 1935.

*William Story,* for plaintiffs in error.
*Corbitt & Sumner,* contra.

HUTCHESON, Justice. Robert L. Wilson and others filed their petition in Cook superior court against S. J. Griner, administrator, and J. M. Day, his bondsman, alleging in substance that Sam Wilson died intestate in Berrien County, leaving petitioners as his sole heirs at law, and leaving an estate of approximately five thousand dollars; that permanent letters of administration were granted to S. J. Griner; that he took possession and control of the estate and sold all the personal property; that petitioners were minors at the time; that Griner, by fraudulent, unfair, and unbusinesslike methods, mismanaged said estate; that his return shows that the funds arising from the sale of personalty were completely exhausted; that the estate still has certain lands; that the administrator has moved away, and it is necessary that a receiver be appointed to look after the lands; and that Griner has in his possession certain notes due to the estate. They pray for an accounting, receivership, and other relief. To this petition the defendants filed their general and special demurrers, which were overruled, and the defendants excepted.

■ "The administrator and his sureties shall be held and deemed joint and several obligors, and may be sued as such in the same action." Code of 1933, § 113-1219. "Such an action may be brought in the county of the residence of any of the parties, as the obligation of the principal and sureties on the bond is joint and several." *Williams* v. *Lancaster,* 113 *Ga.* 1020 (2) (39 S. E. 471). The petition contains an allegation that J. M. Day, the bondsman, is a resident of Cook County, and the superior court of that county had jurisdiction of the suit.

■ "The power of appointing receivers and ordering injunctions should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." Code of 1933, § 55-303. See *Dozier* v. *Logan,* 101 *Ga.* 173 (2) (28 S. E. 612); *Cooleewahee Co.* v. *Sparks,* 148 *Ga.* 211 (96 S. E. 131). Paragraph 15 of the petition in the instant case describes certain lands owned by the estate, and contains the following allegations: "that there is a farm on said tract of land consisting of fifty acres; and since the administrator has moved away and ceased to manage said estate, there is no one now looking after said estate, and for which reason it is necessary that a court of equity assume jurisdiction of said estate, appoint a receiver to look after the same and

administer the same under the direction of this court." Under the Code section and the rulings laid down in the cases cited above, this is not a sufficient allegation to authorize the appointment of a receiver, and the special demurrer to this paragraph of the petition should have been sustained.

"Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the assets; or upon application of any person interested in the estate where there is danger of loss or other injury to his interests." Code of 1933, § 37-403. As a general rule, a court of equity will not interfere with the regular administration of an estate by the representative; and to authorize such interference, the facts must clearly show that there is a good reason for doing so. *Moody* v. *Ellerbie,* 36 *Ga.* 666; *McArthur* v. *Jordan,* 139 *Ga.* 304 (77 S. E. 150). In *Morrison* v. *McFarland,* 147 *Ga.* 466 (94 S. E. 569), where the petitioners alleged various facts and prayed that an appeal from the court of ordinary be enjoined, that the assets of the estate be marshaled, that certain realty be sold, and for construction of a will and distribution of the estate, this court held that it was not error to dismiss the petition on general demurrer. If in the case at bar we eliminate paragraph 15 of the petition and the prayer based thereon, we find nothing left except prayers for accounting and settlement. "Equity will not interfere to require an accounting and settlement of an executrix, at the instance of other parties claiming an interest in the estate, unless there is danger of loss or injury to them." *Evans* v. *Pennington,* 177 *Ga.* 56 (2) (169 S. E. 349). The ruling in the case of *McKinney* v. *Powell,* 149 *Ga.* 422 (100 S. E. 375), is applicable to the case at bar. It was there held, that, under the facts contained in the record, no grounds were shown for the interference by a court of equity with the administration of the estate in question; and that the general demurrer to the petition was properly sustained. Further, it has been held that a clear case of imminent danger must be made out before equity will interfere with an administration. *Powell* v. *Quinn,* 49 *Ga.* 523. There are no allegations in the petition in this case which would justify the intervention of a court of equity; but petitioners could obtain all the relief sought, and had an ample and complete remedy, in a court of

law. It was error to overrule the demurrer to the petition. In view of this ruling we consider it unnecessary to discuss the other special grounds of demurrer.

*Judgment reversed. All the Justices concur, except Russell, C. J., not participating.*