884

KEMP, adm'r, *v.* TRUST COMPANY OF GEORGIA, exr.

No. 11178. July 14, 1936.

Atkinson, Gilbert, and Bell, JJ., being disqualified, Judges Franklin, Grice, and Worrill were designated for this case.

*Clint W. Hager,* for plaintiff.

*Neely, Marshall & Greene, Albert E. Mayer, Tidwell & Brown, Matthews & Kennedy,* and *Augustine Sams,* for defendants.

GRICE, Judge. Suit was brought by J. F. Kemp as administrator of the estate of V. H. Marechal, deceased, against the Trust Company of Georgia and others, in which the plaintiff alleges that he brings this action under the Code, §§ 37-404, 37-405, for the purpose of marshaling the assets of the estate, and for direction in disbursing them; he alleges in substance that he has partially administered the estate and that he has reduced it to cash, and that there remains, after paying out certain claims, approximately $3,500 for distribution; that there are four or five creditors holding claims against this estate, that he is not certain as to the correctness of some of them; that certain heirs of the estate dispute the correctness of some of these claims; that he seeks the aid of a court of equity in determining whether or not there is anything owing to the estate from certain parties named in the petition as defendants; and that the estate is insolvent, and he asks that a court of equity establish priorities, and direct him as to the distribution of the funds in his hands. To this petition the defendants filed demurrers, the substance of which was that no cause of action was set out, no equity in the bill, and no reason alleged why a court of equity should oust the court of ordinary from administering the estate. The demurrers were sustained, and the plaintiff excepted.

A court of equity will not generally interfere with the court of ordinary in the regular administration of estates; though for sufficient reasons alleged it will take complete control, marshal the assets, and direct the distribution of the estate, and especially so when for any reason complete justice can not be done otherwise.

Code, §§ 37-403, 37-404, 37-405. However, before a court of equity will do this, it must appear from petition of plaintiff that some good and legal reason is shown for such action. "As a general rule, a court of equity will not interfere with the regular administration of an estate by the representative; and to authorize such interference, the facts must clearly show there is a good reason for so doing." *Morrison* v. *McFarland,* 147 *Ga.* 465 (4) (94 S. E. 569). *Beck & Gregg Hardware Co.* v. *McKenzie,* 149 *Ga.* 699 (101 S. E. 806). From the petition we are unable to see why the petitioner should have any serious trouble, under direction of the court of ordinary, in closing out this estate. Priorities of payment are fixed by law, and the plaintiff can easily litigate in a court of law the question whether either of the defendants owes him anything. His petition does not allege that he has sought to find the truth of these matters, and his duties concerning them. It is to the interest of the heirs and creditors of all estates, and especially those that are small and of doubtful solvency, to have them administered, as the law provides, in the court of ordinary, which court can do so much more cheaply than a court of equity; and we do not see any necessity in this case for any action that can not be controlled and directed by the court of ordinary, which has already taken jurisdiction in this matter. We are constrained to believe that the judge did not err in sustaining the demurrers. Therefore, his judgment in so doing will not be disturbed.

*Judgment affirmed. Chief Justice Russell, Justices Beck and Hutcheson, and Judges Franklin, Grice, and Worrill concur.*