MORRIS, administratrix, *et al. v.* NICHOLSON, administratrix, *et. al.*

No. 14962. OCTOBER 13, 1944.

*D. D. Veal,* for plaintiffs. *M. F. Adams, R. C. Whitman, Kay Tipton,* and *R. W. Manley,* for defendants.

WYATT, Justice. ■ The two wills referred to in the foregoing statement of facts have been construed by this court in *Butler* v. *Prudden,* 182 *Ga.* 189 (185 S. E. 102). As to the will of Mrs.

454

Louise P. Hunt, this court said: "The will should be construed as vesting a life-estate in the husband of the testatrix, with power of disposal generally, and, as to all or any part thereof undisposed of by him at his death, to dispose of the same by will to the bodily heirs of S. C. Prudden, deceased, or to the heirs at law of Benjamin W. Hunt, or to both classes of persons, as he may deem best, but should he fail to make such disposition by will, then the said undisposed of property to be equally divided between the bodily heirs of the said Prudden and the heirs at law of the testatrix's husband.

· "(a) There is no repugnancy in the provisions of the will.

· "(b) The husband did not take an unconditional fee-simple estate.

"(c) As to property not disposed of under the general power or by will, the bodily heirs of Prudden and the heirs at law of the testatrix's husband would take the fee in remainder by purchase, under this will." As to the will of Dr. B. W. Hunt it was said: "The devise of 'all my estate' refers to the individual estate of the testator, and is not referable to the power of disposal by will conferred upon him in the will of Mrs. Hunt."

It is clear, under the terms of the will of Mrs. Louise P. Hunt as construed by this court in *Butler* v. *Prudden,* supra, that Dr. Hunt had authority to borrow money and to secure the payment of the same by creating a lien on the property belonging to the estate of Mrs. Louise P. Hunt. "The authority to contract debts carries the authority to secure the payment of those debts by liens or otherwise." *Ferris* v. *Van Ingen,* 110 *Ga.* 102, 110 (35 S. E. 347). The indebtedness having been legally incurred by Dr. B. W. Hunt as executor of the estate of Mrs. Louise P. Hunt, the question next arises as to the attack made on the quitclaim deed executed by Miss Bessie Butler as executrix of the estate of Dr. B. W. Hunt to B. Lawrence Hunt in settlement or compromise of the indebtedness. The petition alleges with reference to the execution of this quitclaim deed, "purporting to be acting in making said conveyance under the provisions of an order from Putnam court of ordinary authorizing the same in compromise and satisfaction of said debt." It is not alleged that anything irregular occurred in so far as securing this order from the court of ordinary is concerned. "The court of ordinary being a court of general

jurisdiction, where the record is silent it is to be presumed in favor of one of its judgments that every fact necessary to make it valid and binding was before the court." *Jones* v. *Smith,* 120 *Ga.* 642 (48 S. E. 134); *Wash* v. *Dickson,* 147 *Ga.* 540 (94 S. E. 1009).

There is an averment in the petition that the transaction, by virtue of which the quitclaim deed was executed by Miss Bessie Butler as executrix of the estate of Dr. B. W. Hunt to B. Lawrence Hunt, and the property more than three years later was deeded by B. Lawrence Hunt to Miss Bessie Butler in her individual capacity, was a fraudulent scheme by which Miss Bessie Butler obtained title to the property,   This is simply a general allegation of fraud, without any allegation of fact whatever to support such a charge. "The mere allegation that the note and deed were procured by fraud was insufficient to meet the demurrer upon that point." *Wilder* v. *Federal Land Bank,* 176 *Ga.* 813, 815 (169 S. E. 13); *Grimmett* v. *Barnwell,* 184 *Ga.* 461 (192 S. E. 191, 116 A. L. R. 257); *Mulherin* v. *Neely,* 165 *Ga.* 113 (139 S. E. 820); *Burress* v. *Montgomery,* 148 *Ga.* 548 (5) (97 S. E. 538).   From what has been said, it follows that, in so far as the real estate involved is concerned, the petition did not set forth a cause of action.

■ The petition prayed for an accounting as to rents collected and other personal property.   Whether or not the petition should have been dismissed on general demurrer in the face of this prayer for accounting, is a question about which the decisions of this court are not in harmony.   In *Evans* v. *Pennington,* 177 *Ga.* 56 (169 S. E. 349), the rule was laid down as follows: "Equity will not interfere to require an accounting and settlement of an executrix at the instance of other parties claiming an interest in the estate, unless there is danger of loss or other injury to them."   In that case, the court was following the rule laid down in *McKinney* v. *Powell,* 149 *Ga.* 422 (100 S. E. 375).   This rule has been followed in *Griner* v. *Wilson,* 181 *Ga.* 432 (182 S. E. 592), and *Jones* v. *Head,* 185 *Ga.* 857 (196 S. E. 725).

However, it was said in *Ewing* v. *Moses,* 50 *Ga.* 264: "As to the particular case before us, the power of a court of equity to hear and determine it would, by the old law, be very clear.   It is a demand upon a trustee for an account; a demand upon an administrator for a settlement.   True, the parties at interest may sue at law; one heir at law, or distributee, or creditor may bring an ac-

tion. The executor, administrator, or guardian may be compelled to account before the ordinary. But, by section 2600 (Code, 1873), a court of equity is distinctly, and in terms, declared to have jurisdiction over the settlement of accounts of administrators. The settlement of the account is the prime element of the present suit. It depends upon that, whether any of these parties are liable, and we think a court of equity having jurisdiction for that purpose may go on and give full relief in the premises." The ruling thus enunciated seems to be clear to the effect that courts of equity and courts of ordinary have concurrent jurisdiction over the matter of accounting as against an administrator or executor, and that a suit in equity for accounting may be filed, notwithstanding the fact that the court of ordinary may require an accounting, so long as no actual proceedings for an accounting have been instituted in the court of ordinary.

The ruling in *Ewing* v. *Moses,* supra, has been followed in *Strickland* v. *Strickland,* 147 *Ga.* 494 (94 S. E. 766); *Clements* v. *Fletcher,* 154 *Ga.* 386 (114 S. E. 637); *Calbeck* v. *Herrington,* 169 *Ga.* 869 (152 S. E. 53); and *Manry* v. *Manry,* 196 *Ga.* 365 (26 S. E. 2d, 706). The writer of this opinion, speaking for himself, is very strongly of the opinion that the correct rule should be the rule as stated in *Evans* v. *Pennington,* supra. However, we are bound by the oldest opinion on this question; and the unanimous decision in *Ewing* v. *Moses,* supra, appearing to be the oldest, we are bound by that ruling.

From what has been said above, it follows that the sustaining of the general demurrer was error.

■ There appears in the record in this case what is denominated "Motion to review former decision and for permission to amend original brief filed by plaintiff in error." The motion calls attention to the following language in *Butler* v. *Prudden,* supra: "As to property not disposed of under the general power or by will, the bodily heirs of Prudden and the heirs at law of the testatrix's husband would take the fee in remainder by purchase, under this will." It is then contended that this language is "obiter dictum." The prayer of the motion is as follows: "Wherefore, plaintiff in error moves the court to review said former decision, and either affirm the principle there stated, or modify the opinion and ruling therein made in accordance with the issues herein pre-

sented; and she prays that she may amend her brief for the purpose of this motion." There is no necessity for a motion to "modify or review" a decision of this court on the general ground that certain language is obiter dictum, for the reason that, if this should be true, the language would not be binding authority. If this motion be considered as one to overrule the decision referred to, it may be said that the plaintiff in the instant case was there one of the plaintiffs. The defendant was Miss Bessie Butler as executrix of the estate of Dr. B. W. Hunt. The defendant, as she had a right to do in that case, sought a construction of both the will of Mrs. Louise P. Hunt and the will of Dr. B. W. Hunt. The language complained of in that opinion does not, therefore, appear to be obiter dictum, and further appears to be a correct construction of the will under consideration. Therefore the motion to overrule or modify the decision of *Prudden* v. *Butler,* supra, is denied.     *Judgment reversed. All the Justices concur.*