### TAYLOR *et al. v.* ABBOTT *et al.*

JENKINS, Presiding Justice. 1. "Courts of ordinary have authority to exercise original, exclusive, and general jurisdiction of the following subject-matters: (1) Probate of wills. (2) The granting of letters testamentary, and of administration, and the repeal or revocation of the same. (3) All controversies in relation to the right of executorship or administration. (4) The sale and disposition of the property belonging to, and the distribution of, deceased persons' estates. (5) The appointment and removal of guardians of minors and persons of unsound mind. (6) All controversies as to the right of guardianship. (7) The auditing and passing returns of all executors, administrators, and guardians. (8) The discharge of former, and the requiring of new surety, from administrators and guardians. (9) The issuing of commissions of lunacy in conformity to law. (10) All such other matters and things as appertain or relate to estates of deceased persons, and to idiots, lunatics, and insane persons. (11) All such matters as may be conferred on them by the Constitution and laws. (12) Concurrent jurisdiction with the judge of the county court in those counties where there are such courts, in the binding out of orphans and apprentices, and all controversies between master and apprentice." Code, § 24-1901.

2. "A court of equity shall have concurrent jurisdiction with the ordinary over the settlement of accounts of administrators." Code, § 113-2203. See, in this connection, *Manry* v. *Manry,* 196 *Ga.* 365, 372 (26 S. E. 2d, 706); *Morris* v. *Nicholson,* 198 *Ga.* 450 (31 S. E. 2d, 786). However, "Where law and equity have concurrent jurisdiction, whichever first takes jurisdiction shall retain it, unless a good reason shall be given for the interference of equity." Code, § 37-122.

3. A court of equity will not declare a marriage void for any reason which is recognized by law as a ground for divorce. However, a previous decree of divorce may not always be essential as a matter of law to the establishment of a claim by the next of kin of the decedent against the

widow, where it is shown that at the time the marriage was consummated between the decedent and the one claiming as his widow the decedent was mentally incompetent to contract marriage. This may be done primarily in the court of ordinary, or in the superior court where proper equitable principles are shown by the petition to be involved. *Bell* v. *Bennett*, 73 *Ga.* 784; *Medlock* v. *Merritt*, 102 *Ga.* 212 (29 S. E. 185) ; 76 A. L. R. 772 (II(a)).

4. In the instant case—since the court of ordinary had primary jurisdiction, and assumed jurisdiction of the administration, and the defendant in the equitable petition previously invoked the jurisdiction of the court of ordinary as to the identical question raised by the subsequent equitable petition, by asking that the court of ordinary require the administrator to turn over to her, as the widow and sole heir at law of the decedent, the assets of the estate, and since the subsequent equitable petition in the superior court failed to make any allegations of fraud in the consummation of the marital contract, or to show any other equitable ground why the superior court should deprive the court of ordinary of its jurisdiction—the lower court properly dismissed the petition on demurrer. This judgment being proper for jurisdictional reasons, it becomes unnecessary to determine the questions raised by the other grounds of demurrer.

*Judgment affirmed. All the Justices concur.*

No. 15528. SEPTEMBER 6, 1946.

256

*A. Leopold Alexander* and *Marvin O'Neal,* for plaintiffs.
*Brannen & Clarke* and *Oliver, Oliver & Davis,* for defendants.