HAMRICK *v.* HAMRICK *et al.*

No. 16972. FEBRUARY 13, 1950. REHEARING DENIED MARCH 15; 1950.

*H. L. Barnett* and *Maddox & Maddox,* for plaintiff.

*C. C. Pittman* and *R. F. Chance,* for defendants.

DUCKWORTH, Chief Justice. The sole purpose of the petition

here is to oust the jurisdiction of the court of ordinary; wrest the administration of the estate from the hands of the executor who was chosen and named by the testator, and has been duly qualified; and to have a court of equity assume jurisdiction and administer the estate by a receiver appointed by that court. Although it is the established rule that, where two courts have concurrent jurisdiction, the court first taking jurisdiction will retain it (Code, § 37-122; *Mordecai* v. *Stewart*, 37 *Ga.* 364; *Spooner* v. *Bank of Donalsonville*, 159 *Ga.* 295, 125 S. E. 456; *Hoffman* v. *Chester*, 204 *Ga.* 296, 49 S. E. 2d, 760), yet it is contended that, in giving courts of equity concurrent jurisdiction with the ordinary over the settlement of accounts (Code § 113-2203), the matter of settlement of accounts is thereby separated from the regular administration, and a suit in equity involving this alone is a separate action from that made by the regular administration. From this premise it is contended that the requirement of Code § 37-403 that, before a court of equity will interfere, there must be danger of loss, has no application in a suit for settlement of accounts of administrators.

There have, for a long time, existed two apparently conflicting lines of decisions of this court on the question here involved. Counsel for the opposing sides in the instant case cite and rely upon numerous decisions of this court which apparently support their opposing positions. Counsel for the petitioner rely upon *Ewing* v. *Moses*, 50 *Ga.* 264, and numerous decisions following the ruling there made, which, on casual reading, appears to hold that, irrespective of the existence of adequate remedies at law in the court of ordinary, since Code § 113-2203 gives equity concurrent jurisdiction, a court of equity will exercise jurisdiction of an action for the settlement of accounts of administrators. We shall not here list the numerous decisions following that ruling. The conflict of the decisions was mentioned in *Morris* v. *Nicholson*, 198 *Ga.* 450 (31 S. E. 2d, 786), and it was there held that we felt bound by the decision in *Ewing* v. *Moses*, supra.

The other line of decisions holds that equity will not interfere with the administration of estates in the court of ordinary except for the purposes and upon the conditions stated in Code § 37-403. This rule is clearly stated in *Evans* v. *Pennington*, 177 *Ga.* 56

(169 S. E. 349), and is as follows: "Equity will not interfere to require an accounting and settlement of an executrix at the instance of other parties claiming an interest in the estate, unless there is danger of loss or other injury to them."

While recognizing the conflict in the decisions, this court applied the rule just quoted in *Hoffman* v. *Chester*, supra. In *Gaines* v. *Gaines*, 171 *Ga.* 169 (154 S. E. 883), in an opinion prepared by Justice Atkinson it was held that as a general rule equity will not interfere, and to authorize interference the facts must clearly show a good reason for so doing, citing in support thereof, *Morrison* v. *McFarland*, 147 *Ga.* 465 (94 S. E. 569), and *Beck & Gregg Hardware Co.* v. *McKenzie*, 149 *Ga.* 699 (101 S. E. 806). Chief Justice Russell and Justice Hines dissented, and in the dissenting opinion prepared by Justice Hines he sought to draw a distinction between the regular administration and the settlement of accounts of administrators, contending that as to the former good reason must be shown for interference, but as to the latter no reason is required. That decision was rendered September 13, 1930, and on September 15, 1930, Justice Atkinson prepared the opinion in *Thompson* v. *Thompson*, 171 *Ga.* 185 (154 S. E. 889), where it was held that "a receiver should not be appointed to take the assets out of the hands of the legally appointed representatives, except in cases of manifest danger of loss or destruction, or material injury to the assets." In support of this ruling, the following cases were cited: *Dougherty* v. *McDougald*, 10 *Ga.* 121; *Harrup* v. *Winslet*, 37 *Ga.* 655; *Powell* v. *Quinn*, 49 *Ga.* 523. All of these cases are older decisions than that in *Ewing* v. *Moses*, supra, and must control over the ruling there made. Justice Hines concurred in the majority ruling.

In the *Harrup* case, the question involved, as stated in the opinion was, "did the court exercise a prudent discretion in taking possession of this tract of worn-out land, in bad repair as a farm, and turning the administrator out?" The court answered this question in the negative. The opinion recognized that a court of equity had such power, and cited in support of this conclusion *Walker & Bradford* v. *Morris*, 14 *Ga.* 326, and *Johns* v. *Johns*, 23 *Ga.* 35. The following was quoted from the latter opinion: "In regard to the question of jurisdiction raised

by the exception, it may be remarked that executors are trustees, and as such, are amenable to a Court of Chancery for the faithful execution of their trusts. That Court here, exercises, in such cases, a concurrent jurisdiction with the Ordinary, as it does in England with the Spiritual Court. Middleton *v.* Dodwell, 13 Ves., Jr., 268. The Ordinary has power to compel an executor to give bond with approved security, for the faithful execution of his trust, when it is made to appear to him, that the executor is in insolvent circumstances, and that the estate is likely to be wasted by his improper conduct. Cobb, 314. The Judge of the Superior Court has the like power, on application of any devisee, legatee, or creditor, who shall establish a charge of neglect or malpractice against such executor. Cobb, 307. The executor may be superseded or dismissed, if he fails to give such security. Cobb, 307. The same matters are within the ordinary jurisdiction of a Court of Chancery." The opinion then quotes the following: "In general, the application, to secure the rights of parties against the mismanagement of fiduciaries appointed by the Court of Ordinary, should be made to that Court, and it is only in extraordinary circumstances that equity will interfere."

In *Powell* v. *Quinn,* supra, it was held that there ought to be a strong case, indeed, to justify a court of equity in appointing a receiver to take the assets of an estate out of the hands of an administrator duly appointed by the court of ordinary. It is there said: "The Ordinary has constitutional jurisdiction over the subject matter, and special reasons should appear why that jurisdiction does not answer the ends of justice." Our Constitution, art. 6, sec. 6, par. 1 (Code, Ann., § 2-4101), declares: "The powers of a Court of Ordinary and of Probate shall be vested in an Ordinary for each county." And, in 34 Words & Phrases, p. 62, it is stated: "A 'probate court' in American law is a court which has jurisdiction of 'the probate of wills and the regulation of the management and settlement of decedents' estates, as well as a more or less extensive control of the estates of minors, incompetents, and other persons who are under the special protection of the law. In re Strelow's Guardianship, 219 N. W. 389, 116 Neb. 873."

Unless it can be stated on authority that the matter of

"settlement of accounts of administrators" is not a part of the administration of estates of decedents, it must be admitted that jurisdiction of such matters is, by the Constitution, vested in the courts of ordinary of this State. Beyond any question, settlement of accounts is an essential part of the administration of any estate. Therefore, it does not lie within the power of the Judicial or the Legislative Departments of our State government to divest this jurisdiction given by the Constitution. The very essence of equity is to afford relief and to prevent injury when, from peculiar circumstances, the rules of law are deficient. Code, § 37-102. Equity will exercise jurisdiction to avoid a multiplicity of suits, but it will not multiply suits by ousting the court of ordinary of jurisdiction over the settlement of accounts of administrators unless the remedies available in those courts are inadequate for the prevention of loss or wrong.

We need not here question the validity of the Code sections giving equity concurrent jurisdiction, for it is a fixed policy of equity, even in matters over which it unquestionably has jurisdiction, to refuse to exercise that jurisdiction and give relief in cases where complete and adequate remedies at law are available. To illustrate: equity unquestionably has jurisdiction of injunction cases, but relief by injunction will be granted only when no complete and adequate remedies at law are available.

From a purely practical standpoint it would be unwise, in the absence of any circumstances showing the inadequacy of the remedies of the court of ordinary, for a court of equity to assume jurisdiction for the sole purpose of settling the accounts of the administrator. To do so would necessitate an examination of the records of administration, including inventory and appraisal, returns, and disbursements already on file in the court of ordinary. We believe that the foregoing examination of the law discloses that controlling law in this State requires a holding that, despite the concurrent jurisdiction of a court of equity, it will not assume jurisdiction for any purpose unless it be shown that the remedies available in the court of ordinary are inadequate to afford full and complete relief to the aggrieved interested parties. All decisions to the contrary conflict with the older decisions herein cited, and are therefore unsound and are expressly disapproved.

It is contended that, the petitioner being merely a contingent remainderman, is not permitted to obtain relief in a court of law, and that a court of equity can grant him relief. Counsel cite to support this contention: Code (Ann. Supp.), § 113-901 (Ga. L. 1943, pp. 236, 237); *Kollock* v. *Webb,* 113 *Ga.* 762 (39 S. E. 339); 21 C. J. 1001. We cannot sustain this contention. The contingency is not as to the person but only as to an event. Such an interest entitles the holder thereof to all remedies at law or equity necessary to its protection. His complaints must be heard by a court of ordinary.

Further, it is contended that the executor is in conspiracy with other legatees and has failed to make a full inventory; that other legatees are in possession of assets of the estate; that the executor is indebted to the estate; and that the executor is solvent, and no attempt to obtain relief at law is alleged. In *Thompson* v. *Thompson,* supra (3), it is said, "The allegations of mere omission of the executor to pay the amount of his individual debt to the estate, or to make an effort to collect the debts due by his sisters and brothers, are insufficient to charge such manifest danger of loss, or destruction, or material injury to the assets of the estate as would authorize the appointment of a receiver to take the assets out of the hands of the legally appointed executor." The petition did not state a cause of action, and the court did not err in sustaining the general demurrer and dismissing the same.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., who dissents.*