MANDEVILLE *v.* MANDEVILLE *et al.*

No. 17142. JULY 11, 1950.

*Nall & Sterne* and *H. C. Holbrook*, for plaintiff in error.

*Boykin & Boykin, Moise, Post & Gardner, Wyatt, Morgan & Sumner,* and *Hugh E. Wright,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) Mrs. Margaret C. Mandeville demurred on the grounds: that the petition did not set forth a cause of action against her; that no substantial equitable relief was sought against the resident administrator, and therefore the court was without jurisdiction of the demurrant, a resident of Fulton County, against whom substantial equitable relief was sought and who was subject to the jurisdiction of Fulton Superior Court; that the petitioners had an adequate remedy at law against the resident administrator; that there was a misjoinder of parties and causes of actions in that the petition sets up several distinct and independent matters which have no relation to each other, and fails to set up a common right to be established against the defendants; and that there was a nonjoinder of parties in that a named heir was not a party to the case.

Under article 6, section 14, paragraph 3 of the Constitution of 1945 (Code, Ann., § 2-4903), "equity cases shall be tried in

the county where a defendant resides against whom substantial relief is prayed." In *Fowler* v. *Southern Airlines*, 192 *Ga.* 845, 850 (16 S. E. 2d, 897), it was said: "It was not contemplated by the framers of the Constitution, in fixing the venue of equity suits, that non-residents could be made to litigate in one county issues between them and the plaintiffs solely on account of the joinder of a resident defendant against whom there was a prayer for equitable relief. The mere fact of praying for an injunction against a defendant does not in all events confer the right to file the equitable petition in the county of his residence, or to draw to that county residents of other counties. . . In order to confer on the court of a particular county jurisdiction to hear and determine an issue between the plaintiff and a non-resident defendant it is essential that the plaintiff present a case showing grounds for the equitable relief sought against the resident defendant."

The present case being a suit for an equitable accounting, for the appointment of a receiver to marshal the assets, and for an injunction, the petition stated a cause of action for substantial relief against the resident administrator, and was properly brought in the county of his residence. *Young* v. *Wilson*, 183 *Ga.* 59 (1) (187 S. E. 44).

The next question is: was there danger of loss or other injury to the petitioners' interest so as to entitle them to equitable relief under Code § 37-403, which declares that "Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the assets; or upon application of any person interested in the estate where there is danger of loss or other injury to his interests."

The allegations of the present petition—showing mismanagement and gross dereliction of duty by the administrator, whose bond was inadequate, and he not having property in an amount equal to the value of the assets, that Mrs. Margaret C. Mandeville was insolvent, and that if she was allowed to acquire the property, which she would do unless enjoined, she would take the same out of the State, causing multiple litigation, and irreparable loss, that without the immediate intervention of equity the bulk of the property would be lost to the estate—were suf-

ficient to set forth a cause of action for interference by a court of equity through the appointment of a receiver and grant of an injunction. *McCord* v. *Walton*, 192 *Ga.* 279 (1) (14 S. E. 2d, 723); *Jackson* v. *Jackson*, 206 *Ga.* 470 (1) (57 S. E. 2d, 602); *Morris* v. *Nicholson*, 198 *Ga.* 450 (31 S. E. 2d, 786); *Manry* v. *Manry*, 196 *Ga.* 365 (26 S. E. 2d, 706); *Robinson* v. *Georgia Savings Bank*, 185 *Ga.* 688 (196 S. E. 395).

The present case is distinguished by its facts from *Tinsley* v. *Maddox*, 176 *Ga.* 471, 472 (16) (168 S. E. 297), where this court held: "In the absence of insolvency of the executor, allegations in the petition of losses on account of his negligently failing to prosecute and defend claims for and against the estate, of failure to collect the assets of the estate, of mismanagement and waste and unfitness on his part, with an allegation that he should be removed, and a prayer for an accounting, afford no ground for equitable relief, since there is a remedy at law for such matters in the court of ordinary, upon which court the settlement and administrations of estates is generally conferred."

There is no merit in the contention that there was a misjoinder of parties and causes of action. The only property involved is the assets of an estate, and all persons possessing or claiming any portion of these assets are proper parties. *Benton* v. *Turk*, 188 *Ga.* 710, 730 (4 S. E. 2d, 580). Nor is there any merit in the contention that there is a nonjoinder of parties plaintiff, because one of the heirs at law was not made a party. The Code, § 37-1004, provides: "Generally all persons interested in the litigation should be parties to proceedings for equitable relief; but legatees, distributees, and wards suing executors, administrators, and guardians need not join others interested in the estate as parties plaintiff or defendant, unless some special adverse claim is set up as against such codistributees or legatees."

From what has been said, it was not error to overrule the demurrer of Mrs. Margaret C. Mandeville and to appoint a temporary receiver.

*Judgment affirmed. All the Justices concur.*