STEPHEN Dow & others, *vs.* WILLIAM B. DOYLE & others.

A testator directed his executors to procure a residence for a married daughter, at an expense not exceeding a certain sum, and hold the same in trust for her and her son "during their lives," and "upon the decease of both" gave the property over. The daughter died, and the testator made a codicil reciting her death, and increasing a bequest made to her husband, but expressly confirming the will. *Held,* that the gift did not lapse by the daughter's death, but went to her son for life.

BILL IN EQUITY by the executors of the will of Abijah Thompson, and the trustees under said will, praying for instructions. The material facts, as they appeared by the bill and answer, on which the case was reserved for the determination of the full court, were as follows :

The testator in 1866 made his will, by the fifth clause of which he gave $15,000 to trustees in trust to pay the net income thereof to his daughter, Julia Ann Doyle, during her life ; upon her death the income to go to her son William B. Doyle, during his life ; in case, however, that his daughter should die before her son William became of age, the trustees to expend only so much of the net income as should be necessary for his support and education, and to retain the balance until he became of age. If the daughter should die without leaving issue, or after her decease her son should die without leaving issue, he gave the $15,000 over. The clause then continued thus : "In case I shall not during my life procure a residence for my daughter Julia Ann Doyle, I direct my executors, out of my estate, to

procure, either by purchase or by building, a suitable resi-
dence for my said daughter, at an expense not exceeding $6000,
and to hold the same in trust for her and her said son during
their lives; and during the life of my said daughter to pay the
taxes upon said property, whether procured by me or by my
executors; and also all other expenses incident to said prop-
erty, out of my estate. Upon the decease of both the said
Julia Ann Doyle and her said son, I give said property to"
other descendants named. By the eighth clause of his will,
he gave to his daughter Julia and her husband, John B. Doyle,
" and to the survivor of them, in case either of them shall die
during my life, the sum of $5000."

In 1867 the testator executed a first codicil to his will, by
which he made devises and bequests to his grandchildren, addi-
tional to those in his will, and by the seventh clause gave $5000
to the trustees of Warren Academy, in Woburn. Subsequently,
Julia Ann Doyle having deceased, leaving her son William her
only surviving issue, the testator executed a second codicil to his
will, reciting the making of his will and first codicil, his desire
" to alter in some respects the provisions contained in the eighth
item of said will and the seventh item of said codicil," and
" expressly confirming and republishing said will and codicil in
all respects, saving and excepting so far as the same are altered
by the provisions herein contained." This codicil contained
two clauses: the first recited the gift of $5000 to Julia Ann
Doyle and her husband, or the survivor of them, by the eighth
clause of the will, and the death of said Julia Ann since the
making of the will, and " therefore " gave to John B. Doyle the
sum of $15,000 in addition to the said $5000. The second
clause gave a bequest to the trustees of the Warren Academy,
additional to that given in the seventh clause of the first codicil.

The testator died in 1868, never having procured a residence
for his daughter, and left William B. Doyle, still a minor, and
other grandchildren him surviving. The question submitted
to the court was, whether the gift of $6000 in the fifth clause
of the will had lapsed by the death of Julia Ann Doyle in the
lifetime of the testator.

*H. N. Sheldon,* for William B. Doyle.

*W. A. Herrick,* for other parties in interest.

GRAY, J.   The testator, in the fifth clause of his will, by di-
recting his executors to procure a suitable residence for his
daughter Julia at an expense not exceeding six thousand dol-
lars, and to hold the same in trust for her and her son William
" during their lives ; " and, " upon the decease of both," de-
vising said property over; clearly gave that daughter and her
son an interest during their joint lives and the life of the sur-
vivor, which on her death before the testator's did not lapse, but
went to her son for life.   *Prescott* v. *Prescott,* 7 Met. 141.   *Lor-
ing* v. *Coolidge,* 99 Mass. 191.   This devise to William was not
varied by the second codicil, which mentioned the death of his
mother, increased a bequest made to his father by another article
of the will, and one made to the Warren Academy by the first
codicil, and expressly confirmed the will and the first codicil in
all other respects.                      •      *Decree accordingly.*