## SMITH *v.* USHER.

Where a testator in his will devises certain land to his two daughters for their natural lives, and after their death to their lawful children forever, if they shall have any; and further provides that if both of said daughters die childless then the land shall go to the testator's grandson, his heirs and assigns forever; *held*:

1. That the daughters take as tenants in common for life, with cross-remainders for life necessarily implied between them.
2. Upon the death of one of the daughters without issue, all the land goes to the surviving daughter for life, with remainder in fee to her children.
3. If both daughters die without issue, the grandson takes the land; but until that event takes no part of it.

Argued May 31,—Decided July 21, 1899.

Complaint for land. Before Judge Callaway. Burke superior court. October term, 1898.

*Seaborn Jones* and *J. R. Lamar*, for plaintiff.
*Phil P. Johnston*, for defendant.

SIMMONS, C. J. Sarah A. Smith, as widow and sole heir at law of Michael H. Smith, brought suit against Savannah Usher for a one-half undivided interest in a certain tract of land, claiming it under an item in the will of Michael Mixon, deceased, which was set out in her petition as follows: "I give and devise my Mixon place . . to my two daughters Savannah and Amelia, to be used and enjoyed by them during their natural lives, subject to their own control and to be managed by them as femes soles, and should my said daughters Savannah and Amelia have lawful children, then at their de-

cease, I give and devise said plantation to said heirs forever. But should both of said daughters die childless, I give and devise said Mixon place to my grandson Michael Smith, to his heirs and assigns forever." The petition alleged that the daughter referred to as Amelia had died leaving no child or children, and that the daughter referred to as Savannah, the defendant in the suit, had married Usher and was living upon the property and refused to recognize petitioner's rights to an interest therein. There was also in the petition an allegation that by the item of the will above set out the testator "intended that in the event of the death of one of said daughters without issue or leaving no child, an undivided half interest in said property should go to and vest in said Michael H. Smith, and said testator, at the time of the execution of said will, so stated and repeatedly afterward said that such was his understanding and construction and intention." The defendant demurred to the petition on several grounds, among them, that it set out no cause of action; that it showed that the plaintiff had no "present interest" in the land; that it sought by extraneous testimony to show an interest other than that given by the will; that it showed that under the will the defendant had a life-estate in all the land and that no remainderman had any present interest until the termination of the life-estate. The judge sustained the demurrer, and the plaintiff excepted.

We will notice first the contention of the plaintiff in error that the demurrer admits the averments in the petition "that the testator by this language understood and intended that his grandson should take all of the property if both daughters died childless, and one half of it if either of them died childless." By demurrer are admitted such facts only as are issuable and well pleaded; and the demurrer in the present case does not admit the intention of the testator to have been such as is averred in the petition, for the reason that the petition shows that these averments are partly conclusions of law and partly facts which would not be competent to add to or change the will under which both parties claim. The plaintiff claims as heir of her husband, whose interest the will expressly restricts to the case where *both* of the daughters die childless, and

the petition seeks to show a different intention on the part of the testator by proof of his sayings and statements. If the grandson was to take any interest in the event of the death of *one* of the daughters without children, his interest should be made to appear expressly or by implication from the language used in the will; for the latter can not be changed or reformed by adding to its provisions any sayings or statements of the testator not embodied in the will. We think, therefore, that the demurrer does not admit the truth of the plaintiff's averments as to the intention of the testator, in so far as those averments appear to have been dependent upon additions to or a reformation of the will by means of extraneous parol evidence. Wills must be in writing and executed according to prescribed formalities, and a failure to dispose of property can not be supplied by showing sayings and statements of the testator that he desired or intended to dispose of it in a certain way or that he understood that the will disposed of it in a way different from that expressed in the will. *Willis* v. *Jenkins*, 30 *Ga.* 167; *Armistead* v. *Armistead*, 32 *Ga.* 597; *Phillips* v. *Crews*, 65 *Ga.* 274; *West* v. *Randle*, 79 *Ga.* 28; *Erwin* v. *Smith*, 95 *Ga.* 699.

We will now proceed to a consideration of the item of the will under which plaintiff claims. The testator clearly expressed his intention that in the event *both* daughters had lawful children, such children should take, and also his intention that in the event *both* daughters died childless, the estate should go to the grandson named; but the will failed to provide for one contingency, viz., where one daughter died childless and the other had children. The grandson can not take under any express provision of the will until both daughters die childless; for his interest is so expressly restricted in the will. The testator, therefore, made no express disposition of the land in the event one daughter died childless and the other had children; and this is the condition that has now arisen. To prevent a partial intestacy and a lapse in the limitations of the estate and to give effect to the manifest intention of the testator, the law will in such a case raise by implication cross-remainders between the two daughters and their issue. For while in a deed cross-remainders are created only by express

words, it has long been settled that they may in a will be raised by implication. We think therefore, that the effect of the item of the will under discussion was a devise to the two daughters for life, with remainder to their lawful children, if both have such children; with remainder to plaintiff's husband, in the event both the daughters die childless; and with implied cross-remainders between the two daughters and their children, in the event that one of the daughters has lawful children while the other dies childless. "Where a devise is of black-acre to A. and of white-acre to B. in tail, and if they both die without issue, then to C. in fee; here A. and B. have *cross-remainders* by implication, and on the failure of either's issue, the other or his issue shall take the whole; and C.'s remainder over shall be postponed till the issue of both shall fail." 2 Bl. Com. *381. In the case of Doe *v.* Webb, as stated in the opinion by Lord Mansfield, the testatrix gave her interest in certain lands "to her three daughters, and the heirs of their bodies, as tenants in common, and not as joint tenants; and in default of such issue (not meaning thereby her daughters, for to them she gave estates respectively, but the heirs of their bodies) she [gave] the *same* to her own right heirs." The court held that none of the property went to the heir at law unless the issue of *all* the daughters should fail, when he took the whole; and that it was a case in which cross-remainders were to be implied. 1 Taunt. 238. Where the testator devises certain lands "unto my two daughters, Elizabeth and Anne Meynel, and their heirs, equally to be divided betwixt them; and in case they happen to die without issue, then I give and devise all the said lands to my nephew, Francis Meynel, . . and to the heirs male of his body," "Francis takes nothing upon the death of Anne, but . . her part remains to her sister by way of a cross-remainder." Holmes *v.* Meynel, Ray T. *452. "Devise by testator . . to his two daughters, A and B, *to them, their heirs and assigns; but in case they should die without issue,* that the same should go to, and vest in, their two sisters, C and D. Held, . . that the estate to C and D was a vested remainder, to take effect upon the death of *both* A and B, without issue. That cross-remain-

ders in tail were to be implied between A and B." Lillibridge v. Adie, 1 Mason, 223. See also Taaffe v. Conmee, 10 H. L. *64; Pierce v. Hakes, 23 Pa. St. 231; Allen v. Trustees, 102 Mass. 262; Atherton v. Pye, 4 T. R. 710; Dow v. Doyle, 103 Mass. 489; Mackell v. Winter, 3 Vesey Jr., 536; note to Green v. Stephens, 12 Vesey Jr., 418; 29 Am. & Eng. Enc. L. 394 et seq; 2 Jarman, Wills, *1339 et seq.

As is shown by the case of Fenby v. Johnson, 21 Md. 106, and the authorities there cited, there is a distinction "between devises *in tail,* and *in fee,* as affecting the doctrine of cross-remainders by implication." Where the devisees held the land as tenants in common in fee, with a limitation over upon a named contingency, the share of one who dies devolves upon his representatives, subject to be defeated by the happening of the contingency. There is, therefore, no lapse of the estate and no necessity for the implication of cross-remainders. The present case is, we think, not affected by this doctrine; for the estate of the testator's daughters is by the will limited to their lives, with remainder over upon their death. In the event of the death of one of the daughters without issue, her representatives could not take, because her interest, being for life only, would have been terminated by her death, and there would be nothing for her representatives to take. Her interest being at an end, and the ultimate devise not taking effect until the death of *both* daughters without children, an implication of cross-remainders is necessary in order to prevent a "chasm in the limitations" and a consequent partial intestacy.

For these reasons we think that the trial judge did not err in sustaining the demurrer filed by the defendant to the petition of the plaintiff.

*Judgment affirmed. All the Justices concurring.*