BUTLER, executrix, *v.* PRUDDEN *et al.*

No. 10822. MARCH 19, 1936.

*R. C. Jenkins,* for plaintiff in error.
*M. F. Adams* and *R. C. Whitman,* contra.

ATKINSON, Justice. 1. On December 6, 1928, Louise P. Hunt executed a will. She died on January 18, 1929, and the instrument was duly probated. Omitting formal parts, the will contained the following: "Item 1. I will, bequeath, and devise all of my property, both real and personal, of whatever kind and wherever situated, to my husband, Benjamin W. Hunt, for his use and benefit for and during his natural life, and he has the right to sell, borrow money, or dispose of and do anything in reference thereto which he may deem necessary and proper, without any order of any court and without making any returns of his acts and doings in connection therewith to any court, and without the consent of or control or interference by any other person and without any liability to any other person for waste or mismanagement. At his death my husband shall have the right and privilege to will said property, in such manner as he may deem best, to such of the bodily heirs of my father, S. C. Prudden, deceased, or to the heirs at law of my said husband, Benjamin W. Hunt, or both, as he may deem best. Should he fail to make disposition of said property under his will, then and in that event same shall be equally divided between the bodily heirs of my said father and the heirs at law of my said husband. Item 2. I will and direct that my said husband shall pay out of my said estate such special legacies as I shall from time to time instruct him to pay after my death. Reposing absolute and implicit confidence in him, as I do, I know it is unnecessary to enumerate such legacies herein; and one of the purposes of the free use given him of my said property as set out in item 1 hereof is to make it possible and less difficult to carry out, unhampered, my wishes as to the payment of said special legacies. Item 3. I hereby nominate and appoint my husband, Benjamin W. Hunt, as executor of this will; and I hereby expressly relieve

him of making any inventory or appraisement of my estate, and from giving any bond or making any returns to any court, and all that he is required to do under this will is to probate the same and enter upon and take charge of all my property, as set out and provided in item 1 of this will."

"In the construction of all legacies, the court shall seek diligently for the intention of the testator and give effect to the same as far as it may be consistent with the rules of law; and to this end the court may transpose sentences or clauses, and change connecting conjunctions, or even supply omitted words in cases where the clause as it stands is unintelligible or inoperative, and the proof of intention is clear and unquestionable; but if the clause as it stands may have effect, it shall be so construed, however well satisfied the court may be of a different testamentary intention." Code of 1933, § 113-806. Applying this law, the will should be construed as vesting a life-estate in the husband of the testatrix, with power of disposal generally, and, as to all or any part thereof undisposed of by him at his death, to dispose of the same by will to the bodily heirs of S. C. Prudden, deceased, or to the heirs at law of Benjamin W. Hunt, or to both classes of persons, as he may deem best; but should he fail to make such disposition by will, then the said undisposed of property to be equally divided between the bodily heirs of the said Prudden and the heirs at law of the testatrix's husband.

(a) There is no repugnancy in the provisions of the will.

(b) The husband did not take an unconditional fee-simple estate.

(c) As to property not disposed of under the general power or by will, the bodily heirs of Prudden and the heirs at law of the testatrix's husband would take the fee in remainder by purchase, under this will.

2. After probate of the will, the husband of the testatrix executed a will on December 28, 1933, and died on June 26, 1934. The will was duly probated. Omitting formal parts it was as follows: "I give and devise all of my estate, both real and personal, and wherever existing or located, to my nephew, Benjamin Lawrence Hunt, residing at 79 Grandview Avenue, White Plains, New York, or his heirs absolutely and forever. I hereby nominate, constitute, and appoint my friend, Bessie Butler of Madison, Georgia,

executrix of this my last will and testament; and I direct that no bond be required of her as such. I give to my said executrix full power to sell, mortgage, lease, or exchange any or all real estate, stocks, bonds, and securities of any kind of which I die seized or possessed, and to execute all necessary instruments for the carrying out of this provision; and I direct that my executrix be not held responsible for any depreciation resulting from the handling of any of the assets of the estate." Benjamin Lawrence Hunt was the sole heir at law of the testator. At the time of execution of the will and at the time of his death the testator owned individually property other than any property acquired from his wife. The value of this at the time of his death was admitted by his executrix to be $1142.50. The question arises, whether the devise to Benjamin Lawrence Hunt was an exercise of the power conferred by the will of Mrs. Hunt in reference to property of her estate which should be undisposed of at the time of the death of her husband, or whether it was a devise of the individual property of the testator. This court has approved the doctrine: "The donee of a power may execute it without expressly referring to it, or taking any notice of it, provided that it is apparent from the whole instrument that it was intended as an execution of the power. The execution of the power, however, must show that it was intended to be such execution; for if it is uncertain whether the act was intended to be an execution of the power, it will not be construed as an execution. The intention to execute a power will sufficiently appear —(1) when there is some reference to the power in the instrument of execution; (2) where there is a reference to the property which is the subject-matter on which execution of the power is to operate; and (3) where the instrument of execution would have no operation, but would be utterly insensible and absurd, if it was not the execution of a power." *Terry* v. *Rodahan,* 79 *Ga.* 278, 285 (5 S. E. 38, 11 Am. St. R. 420). The will just set forth, considered as a whole and effect being given to all its parts, is certain and unambiguous. Being so, it is for construction by the court and not for the jury. *Phillips* v. *Crews,* 65 *Ga.* 274 (3). Applying the principles stated above, the devise of "all my estate" refers to the individual estate of the testator, and is not referable to the power of disposal by will conferred upon him in the will of Mrs. Hunt.

3. The terms of an unambiguous will may not be changed by extrinsic evidence. *Smith* v. *Usher,* 108 *Ga.* 231 (33 S. E. 876); *Gillespie* v. *Schuman,* 62 *Ga.* 252. If a clause in a will as it stands may have effect, "it shall be so construed, however well satisfied the court may be of a different testamentary intention." Code of 1933, § 113-806.

4. The action was a suit for land by tenants in common for the recovery of certain undivided interests in the land. (Code of 1933, §§ 3-111, 33-103), and was instituted in Putnam County where the land is located. The plaintiffs are the admitted sole bodily heirs of S. C. Prudden, and claim title in virtue of the will of Mrs. Hunt as property left by the testatrix which was not disposed of by the life-tenant under the power conferred upon him in the will. The court did not err in striking the amendments to the answer, and in rejecting evidence offered in support thereof, which if allowed would have injected into the case facts at variance with the terms expressed in the will.

5. On the pleadings, the admissions of the parties, and the uncontroverted evidence, the judge did not err in directing the verdict for the plaintiffs and in entering the decree upon the verdict.      *Judgment affirmed. All the Justices concur.*