23997. CITIZENS & SOUTHERN NATIONAL BANK, Executor, et al. v. KELLY et al.

ARGUED MARCH 14, 1967—DECIDED APRIL 6, 1967— REHEARING DENIED APRIL 20, 1967.

*Jones, Sparks, Benton & Cork, A. O. B. Sparks, Jr., Charles M. Cork,* for appellants.

*Harris, Russell & Watkins, John B. Harris, Jr.,* for appellees.

ALMAND, Presiding Justice. The sole question for determination is whether or not the trial court erred in overruling the appellant's general demurrer to the appellees' equitable petition seeking the construction of the wills of Thomas R. Turner and

Helen B. Turner (husband and wife) and praying for a judgment declaring that the appellees are entitled to the assets in Thomas R. Turner's estate held by the appellant, as trustee, and directing the appellant to deliver said assets to the appellees.

The petition makes the following case: The appellees are the daughters of Thomas R. Turner and his wife Helen B. Turner. On May 7, 1947, the appellees' mother executed her last will and testament and on July 16, 1965, she died. In Item 2 of her will the mother bequeathed and devised to her two daughters, the appellees, "all of my possessions both personal and real to be equally and amicably divided between them." The appellees were named executrices in the will, and it has been probated. On August 2, 1958, Thomas R. Turner executed his last will and testament and he died on February 4, 1963. His will has been probated with Item 2 of said will devising 50% of his adjusted gross estate to Citizens & Southern National Bank, the appellant here, in trust for his wife Helen B. Turner "for the following uses and trusts: (a) Said trustee shall pay over to my said wife all income from said property in semi-annual or more frequent installments from the date of my death to her death; (b) Said trustee shall be authorized to encroach on the corpus of said trust in its hands at any time and from time to time in such amounts as it may deem necessary or proper to provide for the support and comfort of my said wife; (c) On the death of my said wife, Mrs. Helen Barnes Turner, the property remaining in the hands of my trustee shall be distributed by said trustee free from any trust into such properties, and in such manner as my wife may by her last will and testament elect or appoint, including the right in my wife to appoint said property to her estate. Should my said wife fail to so direct or appoint, the said property remaining in the hands of the trustee shall go over to and become a part of the residue of my estate, and to be held and distributed, as provided in Item III hereof, in all respects, as if it had originally been a part of said residue."

The petition alleges the mother left an estate in her own name of approximately $30,000 consisting solely of personal property, and the assets in Item 2 of the father's will allocable to the trust have a value of approximately $600,000.

The petition further alleged that: On or about January 14, 1957, the mother suffered a stroke of paralysis and brain damage from which she never recovered and at no time from that date to her death was she competent to make a will. At the time the father executed his will he knew of his wife's mental and physical condition, and it was his intention that the assets of the testamentary trust created under Item 2 of his will should go in fee simple to his two daughters. The daughters have called upon the trustee to turn over to them the assets of the trust created under Item 2 of the father's will by reason of their being the appointed beneficiaries in the will of the mother.

The controlling question for decision is did Helen B. Turner's will executed on May 7, 1947, devising to her two daughters "all of my possessions both personal and real to be equally and amicably divided between them" constitute the exercise of the power of appointment given to her in Item 2 of the will of Thomas R. Turner which was executed on August 2, 1958? In short, does the will of Helen B. Turner show that in leaving her estate to her two daughters she intended to include the life estate and power of appointment in Item 2 of her husband's will which was executed 11 years after her will?

This court in *Terry v. Rodahan*, 79 Ga. 278 (5 SE 38, 11 ASR 420) at page 285, quoted with approval from 2 Perry on Trusts § 511c as follows: "The donee of a power may execute it without expressly referring to it, or taking any notice of it, provided that it is apparent from the whole instrument that it was intended as an execution of the power. The execution of the power, however, must show that it was intended to be such execution; for if it is uncertain whether the act was intended to be an execution of the power, it will not be construed as an execution. The intention to execute a power will sufficiently appear—(1) when there is some reference to the power in the instrument of execution; (2) where there is a reference to the property which is the subject-matter on which execution of the power is to operate; and (3) where the instrument of execution would have no operation, but would be utterly insensible and absurd, if it was not the execution of a power." This rule for determining the intent to execute or not to execute

a power was reaffirmed in *Butler v. Prudden,* 182 Ga. 189 (185 SE 102). In the *Butler* case, Louise P. Hunt on December 6, 1928, executed her will; in it she bequeathed and devised to her husband Benjamin W. Hunt all her real and personal property for and during his life with the right and privilege at his death to will said property as he deems best to the bodily heirs of S. C. Prudden or to the heirs of Benjamin W. Hunt, or both. The husband executed his will on December 28, 1933, in which he gave and devised "all of my estate, both real and personal, and wherever existing or located" to a named nephew. This court held that the will of the husband, construed as a whole and effect being given to all its parts, was certain and unambiguous; and its construction was for the court and not for the jury. Further, applying the above principles this court stated in that case that the devise of "all my estate" referred to the individual estate of the testator and was not referable to the power of disposal conferred upon him by the will of his wife.

The general rule as to the exercise of a power of appointment by a will executed prior to the creation of the power is found in 41 AmJur 833, Powers, § 40, as follows: "Under modern authorities, the prevailing rule, in the absence of statute, is that a power of appointment is not executed by a will (or other instrument) unless, by reference to the power or the property subject to it, or in some other way, the intent to execute the power distinctly appears from the instrument as construed in the light of all the circumstances of the case. It is the further general rule that notwithstanding a will may be treated as speaking and taking effect as if executed immediately before the death of the testator, it must, for purposes of construction, be considered in reference to the circumstances which existed at the time of its execution. From such general principles it would seem to follow—and indeed, under the authorities hereinafter cited, does follow—that since, at the time of executing a will, a testator cannot ordinarily have in mind the execution of powers subsequently created, a will does not, in the absence of statute affecting the problem, operate to execute a subsequent power, unless the language of the will or the circumstances

of the case are exceptional." See also the annotation on the subject in 91 ALR 622.

It is argued by counsel for the appellees that the question of whether or not the will of Helen B. Turner shows an intent to exercise the power contained in Thomas R. Turner's will can not be resolved on general demurrer, but is a matter of proof. A court in the construction of a will may hear parol evidence of the circumstances surrounding the testatrix at the time of its execution or to explain patent and latent ambiguities. *Code* § 113-807. However, where the language of the will is unambiguous and the testatrix's intent is stated in clear and precise language, parol evidence is not admissible for the purpose of showing a different intent. *Hungerford v. Trust Co. of Ga.,* 190 Ga. 387 (9 SE2d 630). In the last cited case, this court held: "In a suit to recover on a bequest in a will, where the petition shows that the bequest was made provided the legatee was living with his wife at the death of the testatrix, and that the wife had predeceased the testatrix three years, no cause of action was alleged, and the action was properly dismissed on demurrer." The will of Helen B. Turner being certain and unambiguous, it is for construction by the court and not the jury. *Butler v. Prudden,* 182 Ga. 189, supra, and *Phillips v. Crews,* 65 Ga. 274 (3).

It was error to overrule the general demurrer.

*Judgment reversed. All the Justices concur.*