24265.   MAY et al. v. CITIZENS & SOUTHERN BANK OF LaGRANGE, Executor, et al.

UNDERCOFLER, Justice.   The Citizens & Southern Bank of La-Grange, Ga., as executor under the will of Mrs. Ida Lou Andrews Winn, brought a declaratory judgment action against the devisees and heirs of said testatrix and also the devisees and heirs of Frank Winn, deceased, to determine whether said testatrix exercised a power of appointment given to her under the will of Frank Winn.

Frank Winn's will was executed in 1956 and in connection with certain trust property provided: "Upon the death of my said wife [Mrs. Ida Lou Andrews Winn], any property in this trust estate remaining in the hands of the Trustee shall be distributed by the Trustee, free from the trust, to such persons and in such manner as my said wife may by her Last Will and Testament direct or appoint, including the right in my wife to appoint said property to her estate.   Should my said wife fail to so direct or appoint, then said property remaining in the hands of the Trustee shall go over to and become a part of the residue of my estate and be held and distributed as provided in Item V hereof in all respects as if it had originally been a part of said residue."   Mrs. Ida Lou Andrews Winn's will executed in 1964 makes no specific reference to this power of appointment but bequeaths part of her "net estate" to the plaintiff in trust and contains an item giving "all of the rest,

residue and remainder of my property of every type, kind and description including lapsed legacies, of which I die possessed or entitled as follows:"

The trial court held that Mrs. Winn failed to exercise the power of appointment granted to her in her husband's will and the appeal is from this judgment and the rulings made relative to other procedural matters. *Held:*

1. "The donee of a power may execute it without expressly referring to it, or taking any notice of it, provided that it is apparent from the whole instrument that it was intended as an execution of the power. The execution of the power, however, must show that it was intended to be such execution; for if it is uncertain whether the act was intended to be an execution of the power, it will not be construed as an execution. The intention to execute a power will sufficiently appear—(1) when there is some reference to the power in the instrument of execution; (2) where there is a reference to the property which is the subject matter on which execution of the power is to operate; and (3) where the instrument of execution would have no operation, but would be utterly insensible and absurd, if it was not the execution of a power." *Terry v. Rodahan,* 79 Ga. 278, 285 (5 SE 38, 11 ASR 420); *Butler v. Prudden,* 182 Ga. 189, 191 (2) (185 SE 102); *Citizens & Southern Nat. Bank v. Kelly,* 223 Ga. 294 (154 SE2d 584). Applying the principles stated above, the language of the testatrix's will in the instant case refers to her individual estate and is not referable to the power of disposal by will conferred upon her in her husband's will.

2. The terms of an unambiguous will may not be changed by extrinsic evidence. *Smith v. Usher,* 108 Ga. 231 (33 SE 876). Since the terms of this will are certain and unambiguous, its construction was for the court and not for the jury. *Butler v. Prudden; Citizens & Southern Nat. Bank v. Kelly,* both supra.

3. The foregoing rulings fully dispose of this case and it is not necessary to consider the other enumerations of error relating to procedural matters.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1967—DECIDED SEPTEMBER 21, 1967.

*James C. Weldon, William H. Whaley, Glenville Haldi, Peek, Whaley, Blackburn & Haldi,* for appellants.

*Richter & Birdsong, Horace E. Richter, Wyatt & Wyatt,* for appellees.