27691. LITTLE RED SCHOOLHOUSE FOR SPECIAL CHILDREN, INC. v. CITIZENS & SOUTHERN NATIONAL BANK et al.

HAWES, Justice. George Burdell Nolen died on February 20, 1969, leaving surviving him only his widow, Mrs. Della H. Nolen. He left a will wherein he made a number of specific devises to nieces, nephews, other individuals, and charitable organizations. In Item VIII thereof he incorporated a marital deduction trust naming the Citizens & Southern National Bank as trustee for the benefit of his wife and conferring upon her in paragraph (c) of that item the power of appointment in her last will and testament and providing that in the event she failed to exercise that power the property so devised in trust would be distributed in accordance with the provisions of Item IX of his will to several named churches and other charitable organizations, including the Little Red Schoolhouse for Special Children, Inc. Mrs. Nolen executed her will on July 18, 1968. Therein she made provisions for specific devises of money totaling $90,000. In Item XXXII she made the following provisions: "I give, bequeath and devise all of the residue and remainder of my property, both real and personal (this remainder and residue shall include

lapsed or void bequests and devises, and is also intended to dispose of any or all of my property over which I may have a power of appointment or disposition), to Gene Russell Sewell, . . ." and four other named individuals. The Citizens & Southern Bank was named as executor of Mrs. Nolen's will. She died on January 23, 1971. Her will was duly probated, and pending the administration of her estate the Citizens & Southern Bank brought this proceeding for a construction of the above quoted clause of her will. The sole question presented is whether, by virtue of that clause, Mrs. Nolen had exercised the power of appointment reposed in her by Item VIII (c) of Mr. Nolen's will. The trial court in the order appealed from held that the language above quoted from Item XXXII of Mrs. Nolen's will was a valid and effective exercise of the power of appointment contained in the will of G. Burdell Nolen and that under Item XXXII of Mrs. Nolen's will Gene Russell Sewell and the other four named individuals took the entire remainder and residuary estate created by the marital deduction trust of Mr. Nolen, and that the Little Red Schoolhouse for Special Children and the other charitable beneficiaries named in Item IX of Mr. Nolen's will took nothing. The Little Red Schoolhouse for Special Children appealed.

The evidence adduced on the trial before the judge sitting without a jury showed without contradiction that Mrs. Nolen, by the specific devises of cash and of other gifts contained in her will other than that encompassed by the residuary clause in Item XXXII thereof, virtually exhausted her separate estate and that Mrs. Nolen held no power of appointment other than that conferred upon her by Item VIII (c) of her husband's will. Under these circumstances, the finding of the trial court was demanded that it was Mrs. Nolen's intention to exercise the power of appointment conferred upon her by the will of her husband.

Accordingly, it is unnecessary for us to decide whether parol testimony of one of the trust officers of the Citizens & Southern National Bank concerning conversations which he had had with Mrs. Nolen prior to and subsequent to the execution of her will was erroneously admitted. *Terry v. Rodahan,* 79 Ga. 278 (5 SE 38).

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 13, 1973 — DECIDED APRIL 13, 1973.

*McCord, Cooper & Voyles, William H. Cooper, Jr.,* for appellant.

*Powell, Goldstein, Frazer & Murphy, William Linkous, Jr., Emreid D. Cole, Jr., John L. Westmoreland, Jr., Archer, Patrick & Sidener, Pope B. McIntyre, Harold Sheats,* for appellees.