### 35275. BELL et al. v. GRANT et al.

NICHOLS, Chief Justice.

Certiorari was granted to determine whether or not the Court of Appeals erred in holding that it had jurisdiction of the appeal in this case and that the intent of the testatrix was a question for a jury, rather than for the court. The facts and proceedings below insofar as relevant are stated in *Grant v. Bell,* 150 Ga. App. 141 (257 SE2d 12) (1979).

1. The Court of Appeals correctly held that it had jurisdiction of the appeal. Construction of the will was only indirectly or incidentally involved in this action for money had and received. *Reece v. McCrary,* 179 Ga. 812 (177 SE 741) (1934); *Trust Co. of Ga. v. Smith,* 182 Ga. 360 (185 SE 525) (1936); *Darnell v. Tate,* 208 Ga. 23 (64 SE2d 582) (1951); *Scheridan v. Scheridan,* 231 Ga. 729 (204 SE2d 293) (1974).

2. In the fourth division of its opinion, the Court of Appeals held that the language of the will was ambiguous

"incidental" effect of requiring a party to do some positive act.

as to whether or not the sisters' intentions to sell timber had to be expressed in writing and, accordingly, "A jury must determine the testatrix' intent." The case of *Williams v. McCoy Lumber Industries, Inc.*, 146 Ga. App. 380 (3) (246 SE2d 410) (1978), is cited as supporting this holding. The *Williams* case stands as direct authority for the proposition that where the terms of a contract are ambiguous, the intention of the parties is a question for the jury. The rule as to the construction of wills is otherwise. "The construction of a will is for the court, and not a jury." *Watts v. Finley,* 187 Ga. 629 (5) (1 SE2d 723) (1939). "The construction of a will is for the court." *Armstrong v. Merts,* 202 Ga. 483 (43 SE2d 512) (1947). The rule as to the construction of wills has been stated another way in cases involving the question of whether or not parol evidence will be heard in aid of construction: "A court in the construction of a will may hear parol evidence of the circumstances surrounding the testatrix at the time of its execution or to explain patent and latent ambiguities. Code § 113-807. However, where the language of the will is unambiguous and the testatrix's intent is stated in clear and precise language, parol evidence is not admissible for the purpose of showing a different intent." *C. & S. Nat. Bank v. Kelly,* 223 Ga. 294, 298 (154 SE2d 584) (1967). "The terms of an unambiguous will may not be changed by extrinsic evidence. *Smith v. Usher,* 108 Ga. 231 (33 SE 876). Since the terms of this will are certain and unambiguous, its construction was for the court and not for the jury." *May v. C. & S. Bank of LaGrange,* 223 Ga. 614, 615 (157 SE2d 279) (1967). Elsewhere, the rule has been stated: "Where no such ambiguity exists as a legal construction will not resolve, the construction is for the court, and not for the jury." *Snellings v. Downer,* 193 Ga. 340, 343 (18 SE2d 531) (1942).

In the present case, the testatrix empowered the life tenants to sell timber "provided that such action shall be unanimously agreed to by such life tenants, and provided further that such instrument or instruments employed to evidence such action shall be executed by all of such life tenants." The issue made by the parties is whether the quoted language requires all such agreements of the life

tenants to be in writing or whether the three sisters unanimously could agree orally to sell the timber. This was a question of law for the court, rather than a question of fact for the jury, and should have been decided by the Court of Appeals.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 18, 1979 — DECIDED NOVEMBER 6, 1979.

*Robert H. Herndon, James E. Peugh,* for appellants.
*Tom B. Benham, Jones, Cork, Miller & Benton, Thomas C. James, III, H. Jerome Strickland,* for appellees.