## 57379. GRANT v. BELL.

QUILLIAN, Presiding Judge.

On certiorari the Supreme Court, *Bell v. Grant,* 244 Ga. 665, 666 (261 SE2d 616), has reversed a portion of our decision in *Grant v. Bell,* 150 Ga. App. 141 (257 SE2d 12). Citing authority involving situations where the terms of a will were certain and unambiguous the Supreme Court held: "In the present case, the testatrix empowered the life tenants to sell timber 'provided that such action shall be unanimously agreed to by such life tenants, and provided further that such instrument or instruments employed to evidence such action shall be executed by all of such life tenants.' The issue made by the parties is whether the quoted language requires all such agreements of the life tenants to be in writing or whether the three sisters unanimously could agree orally to sell the timber. This was a question of law for the court, rather than a question of fact for the jury, and should have been decided by the Court of Appeals."

The trial court determined that under the quoted provision of the will any agreement to sell timber had to

be in writing. We concur in that determination because the Supreme Court held that the language in the will is "certain and unambiguous" and that this court erred in failing to decide the question as a matter of law. Since, if the language "clearly and unambiguously" permitted the three sisters to agree orally to sell timber, our decision would not have been reversed by the Supreme Court (but instead affirmed on different grounds), we can only construe their holding as mandating our affirmance of the trial court's ruling.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

DECIDED FEBRUARY 14, 1980 —
REHEARING DENIED MARCH 12, 1980 —

*Tom B. Benham,* for appellant.
*Robert H. Herndon, James E. Peugh, Jones, Cook, Miller & Benton, Thomas C. James, III,* for appellees.