36231. GRANT et al. v. BELL et al.

BOWLES, Justice.

We granted certiorari to attempt to eliminate confusion which has arisen out of the three previous appellate decisions in this case. See *Grant v. Bell,* 153 Ga. App. 832 (266 SE2d 512) (1980); *Bell v. Grant,* 244 Ga. 665 (261 SE2d 616) (1979); and *Grant v. Bell,* 150 Ga. App. 141 (257 SE2d 12) (1979). In the interest of judicial economy, we will decide the remaining issue of this appeal.

Grant is the plaintiff in this lawsuit which was brought to recover a one-third interest in proceeds derived from the sale of timber. The testatrix in this case gave a life estate in certain real property to her three daughters. Her will empowered these life tenants "to sell or lease all or parts thereof or timber thereon or rights therein, provided that such action shall be unanimously agreed to by such life tenants . . ." The will provided further that the proceeds of

such transactions would belong to the life tenants. Timber was subsequently sold, the life tenants using some of the proceeds, and the figures were reported to each life tenant for their personal information and for income tax purposes. The unspent proceeds have been held by defendant Bell, he contending for the benefit of the remaindermen. The central issue in this case has become whether or not other language of the will required a writing unanimously agreed upon in order to sell timber. We conclude that the implication of the language in the will is that a writing is required. However, the issue of waiver has never been addressed.

Irrespective of the powers of sale granted in the subject will, life tenants are empowered to cut and sell timber in order to preserve and protect the value of the land. *Fort v. Fort,* 223 Ga. 400 (156 SE2d 23) (1967). The requirement of a writing executed by all three life tenants was to insure unanimity. Where unanimity exists the requirement has been met and the further requirement of a writing has been waived. Where, after unanimous agreement, the sale of timber is fully executed and there has been full payment of the purchase price, the requirement of a writing has been waived as a matter of law. Ratification by all life tenants following sale would likewise constitute waiver. Title to the proceeds was therefore in the life tenants.

The evidence presented by the plaintiff (the legal representative of one of the life tenants) showed the sale of timber and the holding of the proceeds by defendant Bell. The evidence demonstrates waiver and, therefore, the trial court erred in directing a verdict against the plaintiff. The decision of the Court of Appeals affirming the directed verdict of the trial court is reversed. A new trial is required.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 7, 1980 — DECIDED SEPTEMBER 9, 1980 — REHEARING DENIED SEPTEMBER 23, 1980.

*Tom Benham,* for appellants.
*Robert H. Herndon, James E. Peugh, Thomas James, III, H. Jerome Strickland,* for appellees.