40551. AVEN et al. v. EASTMAN.

MARSHALL, Presiding Justice.

This is a petition for declaratory judgment brought by Gordon and Carl Aven, Jr., who are the administrators of the estate of their father, Dr. Carl Aven, Sr., who died in 1976. Item V of Dr. Aven's will establishes a marital-deduction trust, with the income to be paid to Dr. Aven's wife, Mary Aven (the administrators' stepmother) for her life. Item V of Dr. Aven's will further provided that upon his wife's death, the property remaining in the trust would be paid "to such persons and in such manner as my said wife, may, by her last will and testament, direct and appoint, including the right in my said wife to appoint said property to her estate. Should my said wife fail so to direct or appoint, then said property in this trust shall go over to and become a part of the residue of my estate . . ."

Mary Aven died in 1981. The residuary clause of her will (Item VIII) specifies that the residue of her estate "and any property over

which I may have the power of disposition or appointment, I give, devise, and bequeath to Mary L. Eastman to be hers absolutely in fee simple." Mary Eastman was made executrix of Mrs. Aven's estate, and she is the defendant in this declaratory judgment action.

The administrators of Dr. Aven's estate contend that Item VIII of Mary Aven's will was ineffective to exercise the power of appointment granted to her in Dr. Aven's will. The superior court disagreed and granted the defendant's motion for summary judgment. *Held:*

It is true that a residuary clause in a will is not, in and of itself, sufficient to show the intention of the maker of the will to exercise an unreferred-to power of appointment. See *May v. C. & S. Bank of LaGrange,* 223 Ga. 614 (1) (157 SE2d 279) (1967) and cits. Where, however, as here, it is specifically stated in the residuary clause that the maker of the will is thereby bequeathing any property over which the maker has a power of appointment, this is clearly effective to exercise the power. See *Little Red Schoolhouse for Special Children, Inc. v. C. & S. Nat. Bank,* 230 Ga. 393 (197 SE2d 342) (1973).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 31, 1984.

*McConaughey & Goff, Dan E. McConaughey, Gregory T. Jones, Carl C. Aven III,* for appellants.
*Robert J. Grayson, Jordan H. Prosser,* for appellee.