## 68243. GEORGE v. D'ANGELO.

BANKE, Presiding Judge.

The plaintiff brought this action to recover damages allegedly incurred when she purchased a house in reliance upon a written warranty issued by the defendant (the owner of a pest control company) stating as follows: "We have made a careful visual inspection of all accessible areas of the property . . . including sounding of accessible structural members and there is no evidence of termite or other wood destroying insect infestation, and if such infestation previously existed it has now been eliminated and any visible damage due to such infestation that renders the wood unserviceable has been corrected. This certification shall be warranted for a period of three months. Any infestation or reinfestation during the warranty period shall be eliminated by the certifying exterminator at no cost to the purchaser." The plaintiff alleged that this certification was incorrect in that there was in fact visible evidence of termite or other wood destroying insect infestation, and the visible damage due to such infestation had not been corrected.

The defendant filed a motion to dismiss the complaint, based on an affidavit in which he averred that the plaintiff had not properly notified him of any problems to which the warranty pertained. The trial court denied the motion, and the case proceeded to jury trial. The jury returned a verdict in favor of the plaintiff and the defendant appeals the denial of his motion for new trial. *Held:*

1. The defendant enumerates as error the denial of his motion to dismiss, which was properly treated by the trial court as a motion for summary judgment since it was based on matters outside the pleadings. See generally OCGA § 9-11-56; *Kiker v. Hefner*, 119 Ga. App. 629 (1) (168 SE2d 637) (1969). "Where a motion for summary judgment is overruled and the case is tried, the appellate courts will review the sufficiency of the evidence to support the verdict as well as

enumerations of alleged trial errors, but will not also review the denial of the motion for summary judgment." *Drillers Service v. Moody*, 242 Ga. 123, 124 (1) (249 SE2d 607) (1978).

2. The defendant enumerates as error the refusal of the trial court to admit into evidence the sales contract between the plaintiff and the person who sold her the house in question. The contract is alleged to have been relevant to show that the seller of the house was only obligated to provide the plaintiff with a certification that the premises were presently clear of termites. Even assuming *arguendo* that such a showing would have been relevant to any issue in the case, we are unable to review this enumeration of error since the record does not contain a copy of the contract. "Exhibits attached to an appellate brief but not appearing in the record transmitted by the trial court cannot be considered by this court and offer no basis for reversal." *Taylor v. Bentley*, 166 Ga. App. 887 (305 SE2d 617) (1983).

3. The appellant further contends that the trial court erred in charging the jury on negligence in that the pleadings and evidence did not support such a charge. However, no such objection was made in the trial court, nor can any of the objections which were made reasonably be interpreted as raising a contention that there was no evidence which would authorize a verdict based upon negligence. Accordingly, this enumeration of error is without merit. See generally OCGA § 5-5-24; *Christiansen v. Robertson*, 237 Ga. 711 (229 SE2d 472) (1976).

4. Finally, the defendant contends that the trial court erred in denying his motion for a new trial. However, no argument or citation of authority was supplied in the defendant's original brief in support of this enumeration of error; and, consequently, it is deemed abandoned pursuant to Rule 15 (c) (2) of this court. "[A] supplemental brief does not resurrect from abandonment enumerations [of error] not addressed in the initial brief. (Cits.)" *McKinney v. South Boston Savings Bank*, 156 Ga. App. 114, 116 (274 SE2d 34) (1980).

*Judgment affirmed. Benham, J., concurs. Pope, J., concurs specially.*

DECIDED MAY 15, 1984 —
REHEARING DENIED JUNE 29, 1984 —

*Joel A. Willis, Jr.*, for appellant.
*Austin J. Kemp II*, for appellee.

POPE, Judge, concurring specially.

I concur in the judgment reached in this case. However, I do so for different reasons than those espoused in Divisions 2 and 3 of the majority opinion; I concur fully in Divisions 1 and 4.

Defendant's second enumeration (Division 2) assigns error to the trial court's refusal to admit into evidence the sales contract between the plaintiff and the person who sold her the house in question, that person not being a party to this action. We agree with the majority that "[n]o matter how competent evidence might be, a new trial will not be granted merely because evidence has been excluded. It must appear that the excluded testimony was material and the substance of what the material evidence is must be called to the attention of the trial court at the time of its exclusion. [Cits.]" *Cooper v. Mercantile Nat. Bank*, 137 Ga. App. 605, 611 (224 SE2d 442) (1976). Accord *Grant v. Bell*, 150 Ga. App. 141 (2) (257 SE2d 12), revd. on other grounds, *Bell v. Grant*, 244 Ga. 665 (261 SE2d 616) (1979); *Carter v. Tatum*, 134 Ga. App. 345 (4) (212 SE2d 439) (1975). Although the contract itself is not a part of the record in this case, the transcript discloses that defendant succeeded, at least to some extent, in calling to the attention of the trial court the substance of what he contended was material in the sales contract. Nevertheless, I believe the trial court properly excluded said contract under the circumstances in this case because it was not material to the issues at trial. See *Inman & Co. v. Crawford & Maxwell*, 116 Ga. 63 (1) (42 SE 473) (1902); *Brown Shoe Co. v. Moore*, 53 Ga. App. 159 (3) (184 SE 923) (1936).

As to defendant's third enumeration of error (Division 3), the record discloses that he objected to the trial court's "giving a charge on the plaintiff's request number three . . . ." Plaintiff's request number three was a charge dealing with proximate cause, and although the objection made most certainly could have been more elaborative, the record discloses some indication that the trial court understood the nature of the objection so that he was able to rule intelligently on the specific point raised thereby. See *Christiansen v. Robertson*, 237 Ga. 711 (229 SE2d 472) (1976). See generally *Harper v. Ga. S. & Fla. R. Co.*, 140 Ga. App. 802 (7) (232 SE2d 118) (1976). Nevertheless, the issue raised by this enumeration of error — that the pleadings and evidence did not support the charge — is without foundation in the record.

For the foregoing reasons, I concur in the affirmance of the judgment of the trial court.